## Phila. *v.* Ladies United Aid Society, Appellant.

*Taxation—Exemption—Purely public charity—Special verdict.*

A charitable institution is not exempt from taxation on a vacant lot, where it appears that the lot is separated by a street from the land on which the institution is built, and it does not appear that the lot is necessary to the use of the charity, and the jury finds by special verdict that the institution "is maintained as a charity," without finding that it is maintained as a "purely public charity."

Argued Jan. 23, 1893. Appeal, No. 41, July T., 1892, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1891, No. 154, M. L. D., on special verdict. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM, MITCHELL and DEAN, JJ.

Scire facias sur municipal claim. [Reported below, 1 Dist. R. 249.]

On the trial before GORDON, J., a special verdict was rendered as follows:

" The jury find the following facts : That the defendant was incorporated October 12, 1865. The ground in question, between Park avenue and Thirteenth street was originally a part of the whole lot between Twelfth street and Park avenue, and between Lehigh avenue and Somerset street, as shown by plan No. 2. That Thirteenth street was put upon the city plan of the present width in 1832, but was not opened until July 15, 1890, by ordinance. That Thirteenth street has since been graded and paved and curbed. That Park avenue, Lehigh avenue, and Twelfth street are all opened and paved. That the whole property was inclosed previous to the opening in 1890 under one inclosure, and was used for the general purposes of the society, and that the lot against which the claim is filed has since the opening of Thirteenth street been used on anniversary occasions, which are largely attended, and from which a large part of the income of the institution is derived, as a place to hitch horses and carriages, and has been put to no other use. That the buildings of the defendant are all upon the lot to the east of Thirteenth street, and are practically .as shown upon the city plan in evidence, and there are no buildings of any kind on the lot in question. The whole of the ground was purchased in 1866, and the institution was founded and is

maintained as a charity.  That the work which the plaintiff did was done under ordinance of November 12, 1890.  The jury find that the plaintiff did the work for which the claim is filed and that he has not received anything on account."

Judgment for plaintiff on special verdict.

*Error assigned* was (1) above entry of judgment.

*M. V. Simpson, A. M. Burton* with him, for appellant.—The special verdict in this case is conclusive of the fact that defendant is an institution founded and maintained as a charity: Burd Orphan Asylum v. School District, 90 Pa. 21; Donohugh's Ap., 86 Pa. 306; Episcopal Academy v. City, 150 Pa. 565.

The opening of Thirteenth street through the grounds of defendant does not divide the plant into two separate and distinct pieces of property: Northampton Co. v. Lehigh Coal & Nav. Co., 75 Pa. 461 ; Gas Co. v. Chester Co., 97 Pa. 476 ; Erie Co. v. Erie City, 113 Pa. 360; Olive Cemetery Co. v. City, 93 Pa. 129; Orphan Asylum Ap., 111 Pa. 144; Erie City v. Church, 105 Pa. 278; Northampton Co. v. Lafayette College, 128 Pa. 132; House of Refuge v. Smith, 140 Pa. 387; Wagner Free Institute's Ap., 116 Pa. 555.  The fact that the ground has been used and is still used to any extent is conclusive that it is necessary.  The actual use determines the necessity, as the greater always includes the less: Mullen v. Erie Co. Com., 85 Pa. 288; Pa. R. R. v. Leggett, 12 Vroom, 319.

*Alexander & Magill,* for appellee, not heard, cited Allegheny Co. v. Gibson, 90 Pa. 397; Perkins v. Slack, 86 Pa. 270; Lehigh Iron Co. v. Lower Macungie Township, 81 Pa. 484; Wagner Free Institute of Science v. City, 43 Leg. Int. 36; Londonderry v. Berger, 2 Pearson, 230; Cumberland Co. v. Church, 17 Leg. Int. 300; Com. v. Danville R. R., 2 Pearson, 400; Academy of Fine Arts v. Phila., 22 Pa. 496 ; Com. v. Pa. Ins. Co., 13 Pa. 165; Com. v. Bank of Pa., 19 Pa. 144; Bradbury v. Wagenhorst, 54 Pa. 180.

PER CURIAM, February 6, 1893:

Upon the facts as disclosed by the special verdict the court below was right in entering judgment for the plaintiff.  The verdict finds, inter alia, that the whole of the ground belonging

to the appellant was purchased in 1866 and the institution was founded and is maintained as a charity. Section 1, article 9, of the constitution declares that the "general assembly may by general laws exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity." The special verdict finds that this institution is maintained as a charity. It does not find, however, that it is a public, much less a purely public charity. Aside from this, the lot charged with this street improvement is separated from that of the institution by an intervening street. It may be regarded, therefore, as a mere vacant lot upon an adjoining street with nothing to show that it is necessary to the use of the charity.

Judgment affirmed.

Cf. Phila. v. Jewish Hospital, 148 Pa. 454.