## Art Club of Philadelphia's Appeal.

Argued May 20, 1937. Before MAXEY, DREW, STERN and BARNES, JJ.

*James S. Benn, Jr.,* with him *J. Harry LaBrum,* of *Conlen, LaBrum & Beechwood,* and *Mark E. Lefever,* for appellant.

*Michael D. Hayes,* with him *Louis Fow,* Assistant City Solicitors, *Joseph Sharfsin,* City Solicitor, and *Robert von Moschzisker,* School District Solicitor, for appellee.

OPINION BY MR. JUSTICE MAXEY, July 7, 1937:

This is an appeal by the Art Club of Philadelphia from a final decree of the Court of Common Pleas No. 5 of Philadelphia County dismissing an appeal from the Board of Revision of Taxes of that county, which had refused appellant's application for a partial exemption on its property situate at 220 South Broad Street, Philadelphia, from taxation by that city and its School District.

Appellant is a corporation of the first class, organized and existing under the laws of this Commonwealth for the purposes, as found by the court below, of "advancing the knowledge and love of the Fine Arts, through the exhibition of works of Art, the acquisition of books and papers for the purpose of forming an Art library, lectures upon subjects pertaining to Art, receptions given to men or women distinguished in Art, Literature, Science or Politics, and by other kindred means, and to promote social intercourse among its members." It owns a piece of ground at the southwest corner of Broad and Chancellor Streets, Philadelphia, having a frontage on

Broad Street of 64 feet two inches and a depth of 116 feet, on which lot is erected a club house, varying in height from three to six stories and containing in all 591,602 cubic feet. The fifth and sixth findings of fact of the court below are as follows: "5. The principal activity of appellant is directed toward conducting a social club, 88.26 per cent [of the cubic content] of its building, and almost all of its revenue being used exclusively for such purpose. The club house contains the usual dining room, rathskeller, card rooms, dormitories, etc." Appellant assigns as error, inter alia, this fifth finding. "6. One of the minor activities of appellant is the maintenance of an art gallery, occupying 11.74 per cent [of the cubic content] of the club house, which art gallery is maintained at appellant's expense and is devoted exclusively to the exhibition of paintings, etc., to which the public is admitted without charge. This art gallery is at the rear of the building, with a separate entrance for the public from Chancellor Street. It extends through two floors, the second and third. The first floor below the art gallery is used for ordinary club purposes, and above the art gallery are the club dormitories."

The subject of these proceedings is this art gallery comprising 11.74 per cent of the cubic content of the building. There is testimony on behalf of appellant that each year, during most of the entire art season of eight months, exhibitions of works of art by artists from all over the country are held in the art gallery, the exhibitions lasting from three to four weeks and requiring a week to assemble and three or more days to dismantle, that the remaining or off-season months are devoted to cleaning and repairing the art gallery, that the exhibitions are brought to the attention of the public by notices, by newspaper articles and by posters and signs, that the total public attendance at an exhibition ranges from two thousand to ten thousand people, and that no charge is made for admission.

Appellant claims exemption from taxation of this art gallery for the years 1932 and 1933 under the Act of April 20, 1905, P. L. 234, and for the years 1934 and 1935, under the Act of May 22, 1933, P. L. 583. Since the applicable provisions of these two acts are substantially the same, we will quote only the latter: "The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit . . . '(1) All property, including buildings and the land reasonably necessary thereto, provided and maintained by public or private charity, and used exclusively for public libraries, museums or art galleries, and not used for private or corporate profit, so long as the said public use continues.' "

From 1923 to 1932 the art gallery was exempted from taxation and its assessed value, figured proportionately on its relative cubic content, was deducted from the assessed value of the whole property before any tax was levied. The bill rendered appellant by the Receiver of Taxes for 1932 City and School taxes on this property indicated that the assessment was the same as in previous years, to wit, $70,000 exempt and $490,000 taxable. On February 10, 1932, the Board of Revision of Taxes crossed out on the books of the assessors for Philadelphia County the $490,000 assessment and $70,000 exemption returned by the assessors during the year 1931 as the assessment for 1932, and inserted $560,000 as a new assessment without exemption. The next day the Board notified the appellant by letter that the property had been made wholly taxable for 1932. Appellant, on February 24, 1932, paid these 1932 tax bills on the assessment of $490,000. Appellees contend that this left a taxable valuation of $70,000 unpaid and liens for unpaid city and school taxes on this valuation were filed along with other liens for unpaid taxes for 1932.

The bills for City and School taxes for 1933 indicated that the taxable assessment of the property had been fixed without exemption at $560,000. On October 25,

1933, the Art Club filed with the Board of Revision of Taxes an application for exemption of the art gallery, which was later refused by that Board. An appeal was taken to the court of common pleas.

The City and the School District of Philadelphia filed separate but identical answers, thereupon a replication was filed and issue joined. A hearing was held before Judge. LAMBERTON. At the conclusion of this hearing, the appellant and the city filed requests for findings of fact and conclusions of law. Judge LAMBERTON filed an adjudication, in which he ruled on these requests and made independent findings of fact and the following conclusions of law: "1. The Art Club of Philadelphia is not an institution of purely public charity. 2. That portion of appellant's building devoted to charitable uses cannot be exempted from taxation,. under Article IX, Section 1 of the Constitution of this Commonwealth. 3. The property of appellant at 220 South Broad Street is of the value of $560,000 and is entirely subject to taxation by the City and County of Philadelphia. 4. The appeal should be dismissed." Exceptions to the decree nisi dismissing the appeal, were filed, heard by the court in banc, and dismissed. President Judge SMITH filed an opinion in which he said, inter alia: "The findings of fact and conclusions of law of Judge LAMBERTON are approved and adopted as the findings of the court." The final decree, signed by President Judge SMITH, dismissed the appeal, and ratified and approved the assessment of $560,000 upon the premises in question. The Art Club thereupon took an appeal to this court.

The decree of the court below must be affirmed. As was aptly said in the adjudication: "The evidence shows that its [the Art Club's] primary function is the conduct of a social club. It cannot by any stretch of the imagination be said to be an institution of purely public charity. Under Article IX, section 1 of the Constitution of this Commonwealth and the decisions of our courts interpreting the same, property can be exempted

from taxation only if (1) it is owned by an institution of purely public charity and (2) is devoted to a purely charitable use. If either element is lacking, there can be no exemption."

The Art Club does not become an institution of public charity by opening a part of its art gallery which occupies about 12% of the cubic content of the building, to the public during a part of each year. If this praiseworthy action on its part entitles it to a pro tanto exemption of its taxes, it can as well be argued that a department store in which is maintained an art gallery a part or all the year, open to the public, should likewise be pro tanto exempted. With the same logic as appellant advances, it could be maintained that a home in which "family worship" is practiced mornings and evenings becomes pro tanto a property devoted to religious uses and therefore proportionately exempt from taxation. The rule appellant would have us establish would be impracticable in administration and would lead to fiscal confusion. By no recognized test can the Art Club of Philadelphia be considered an institution of purely public charity. Since it is not, its claim for any exemption from taxation on account of its charitable activities has no merit which the law recognizes.

The second question presented is: "Can the Board of Revision of Taxes withdraw the exemption of such an art gallery from taxation after the tax duplicates have been placed in the hands of the Receiver of Taxes and the taxes paid?"

In the appeal of the Art Club from the decisions of the Board of Revision of Taxes, it was set forth that the Club had been advised by the Board that the property had "been made wholly taxable for the year 1932," that "the bill for one-half of the city and school real estate taxes for 1933, obtained from the Receiver of Taxes . . . revealed that the exemption of that part of the property used exclusively as a public art gallery had been withdrawn and the taxable assessment increased

to $560,000 although no notice of such withdrawal and increase had ever been received from the Board of Revision of Taxes or any other municipal agency from which an appeal might have been taken," "that on October 25, 1933, an application for exemption of that part of the building, to wit 73,620 cubic feet, used exclusively as a public art gallery, was filed with the Board of Revision of Taxes," and "that on June 5, 1934, the said Board of Revision of Taxes dismissed the said application and refused to grant a partial exemption." The relief prayed for in the petition was that the "court declare so much of the premises, to wit 73,620 cubic feet, which is used exclusively as a public art gallery, exempt from taxation, to enjoin the collection of taxes illegally assessed on that part of the building used as a public art gallery for 1932, 1933 and 1934 and for other and further relief." On this question the court below said: "Counsel for appellant argues and asks us to hold that the assessment for the year 1931 of $490,000 taxable and $70,000 exempt still stands, because never changed in accordance with law. That question we need not now decide because the only matter before us is an appeal from the action of the Board of Revision of Taxes in dismissing appellant's claim for a partial exemption. If the assessment for the years 1932, 1933 and 1934 was invalid, the remedy cannot be had in this proceeding."

The appeal of the Art Club is based upon the claim, as above stated, that part of its building is used exclusively as a public art gallery and therefore exempt from taxation, and that the collection of the taxes assessed on that part of its building for 1932, 1933 and 1934 should be enjoined. We agree with the court below that the claim for exemption was without support in law.

The decree is affirmed, at the appellant's cost.