## Hahnemann Hospital's Appeal

*Floyd W. Tompkins* and *Murdoch, Paxson, Kalish & Green,* for petitioner.

*Edwin S. Ward,* assistant city solicitor, for respondent.

MacNeille, J., January 6, 1939.—This is the Hahnemann Hospital's appeal from the board of revision's refusal to exempt property at Twentieth and Callowhill Streets from assessment for taxation purposes. They contend for exemption on the ground that it is a necessary part of their hospital and educational institution.

The history of the ground is that it was part of a large tract originally bought for the purpose of building their institution thereon. Later the Parkway was put through and part of their tract was condemned for that purpose and they were paid for it. The remainder of the tract was not sufficient for their purpose of building. They have been paying taxes on it for some years. Lately they constructed what seems to be two improvised tennis courts not used to a great extent in view of their students and nurses who are supposed to make use of it. The tennis courts occupy a small portion of the ground, but to bring the rest within their claim cinders have been spread upon

the outside of the whole tract. This has been called a running track and thus encircles the whole thing.

No evidence was offered that there was any corporate action in reference to using this ground in connection with their actual hospital institution, and it is evident that the ground is not contiguous to either the hospital or college. We are inclined to think it would be difficult for us to conclude that the ground was being used bona fide as a necessary part of the educational institution or of the hospital, and, of course, unless we could so conclude it should not be exempt.

Also, the tract is in the hands of an agent for sale, and this would further indicate that there was no permanency of intention to use it for recreational purposes.

To sustain appellant's contention, we are called upon to decide that the use by appellant of one quarter of a lot located in one of the most expensive locations in the city for two tennis courts, where the assessed value of the lots is $420,000—when going the same distance from the original building in several other directions appellant could obtain a lot for a very small fraction of the value of the lot involved in this litigation—is reasonably necessary, but this we cannot do.

In the case of Foerderer et al. v. City of Phila., 111 Pa. Superior Ct. 328, where a similar question was involved, President Judge Trexler said (pp. 330, 331) :

"The extent of land to be embraced in the activities of a charitable association must be largely determined by the governing board. It is not for the courts to substitute their judgment for that of the directing officers of the institution, but the land embraced within the limits acquired must be *reasonably* necessary for the accomplishment of the purposes of the association.

"Having this distinction in mind, we must sustain the judgment of the lower court refusing to allow the exemption from taxation. It is true that the animals used by

the association must be fed, but the raising of the food or the allowing of a greater portion of land to grow wild in order to afford a supply of dandelions, we think is not sufficient to bring it within the exemption. The court below thought it unreasonable that such food should be raised upon a piece of ground worth $40,000. .... By the same process of reasoning, a hospital might secure exemption of an adjacent field because some simples might be allowed to grow on it from which extracts might be obtained and administered to some of the patients. Or to use an illustration used by the learned chancellor who heard the case: 'We think also it is farfetched to say that the charity needs animals, animals need food, and food requires land. On the same theory they could build a factory, free from taxation, to make their lances; or they could build a cloth mill to make the clothing for the surgeons.' "

Similar conclusions were reached in the cases of Sisters of the Blessed Sacrament, 38 Pa. Superior Ct. 640, Mercersburg College v. Mercersburg Borough, 53 Pa. Superior Ct. 388, Philadelphia v. Ladies' United Aid Society, 154 Pa. 12, Philadelphia v. Jewish Hospital Assn., 148 Pa. 454, Pittsburgh v. Home of the Friendless, 3 Pa. C. C. 390, and Art Club of Philadelphia's Appeal, 327 Pa. 106.

Under the authority of the above-cited cases, we are compelled to decide that there is no reasonable necessity for appellant in this case to locate two tennis courts on a quarter of one of the most expensive sites in Philadelphia, assessed at $420,000, and claim exemption therefor. . . .

### Decree nisi

And now, to wit, January 6, 1939, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. Plaintiff's appeal is dismissed.

2. Plaintiff, Hahnemann Medical College and Hospital of Philadelphia, is directed to pay the costs.