## Lyon v. School District of Pittsburgh

*William F. Knox, William F. Swanson, Jr.,* and *Moorhead & Knox,* for plaintiff.

*Niles Anderson,* for defendant.

MCNAUGHER, P. J., November 7, 1958.—This case was tried without a jury upon stipulation of counsel, the question presented being whether or not the relief provided by the Act of May 21, 1943, P. L. 349, 72 PS §5566(b), is available to plaintiffs.

The facts agreed upon are as follows: J. Denniston Lyon at the time of his death on August 14, 1939, was a resident of Sewickley Heights Borough, Allegheny County, and by his will he gave the residue of his

estate to Maude Byers Lyon, Martha Lyon Slater, A. Fleming Fell and J. Frederick Byers, trustees, in trust for certain beneficiaries. J. Frederick Byers died June 11, 1949, and A. Fleming Fell on August 20, 1949. The taxable assets were held during the years from 1948 through 1953 by the trustees within the School District of Pittsburgh. In 1948 all of the beneficiaries of the trust were nonresidents of the school district of Pittsburgh except A. Fleming Fell and Annie R. Lyon, who received a total of 3.2 percent of the total income of the trust. In 1949 these two resident beneficiaries received 2.9 percent of the total income, and in the years 1950 to 1953 inclusive, Annie R. Lyon was the only beneficiary resident in the school district and received 1.3 percent of said income in 1950, 1.3 percent in 1951, 1.5 percent in 1952 and 1.4 percent in 1953. The amount of tax paid has been stipulated to be as follows:

| Year | Total Tax paid by Trustees | Percent of total income of the trust received by residents of the School District of Pittsburgh | Amount of tax allocable to residents of the School District of Pittsburgh | Balance |
|------|------|------|------|------|
| 1948 | $ 883.09 | 3.2% | $ 28.26 | $ 854.83 |
| 1949 | 943.35 | 2.9% | 27.36 | 915.99 |
| 1950 | 1,016.41 | 1.3% | 13.21 | 1,003.20 |
| 1951 | 2,562.87 | 1.3% | 33.32 | 2,529.55 |
| 1952 | 2,681.91 | 1.5% | 40.23 | 2,641.68 |
| 1953 | 2,136.61 | 1.4% | 29.91 | 2,106.70 |
| | $10,224.24 | | $172.29 | $10,051.95 |

The personal property tax by the School District of Pittsburgh was first levied for the year 1948 and prior to that the trustees had filed tax returns for the Allegheny County personal property tax, listing the taxpayer as "Estate of J. Denniston Lyon, P. O. Box 1076, Pittsburgh, Pa." In 1948 the county board of assessment provided personal property tax returns for both the county and school district tax on one form, which was nearly identical to that filed prior to 1948 for the county tax alone and the trustees filed the return pre-

pared by their agent Frank G. Love in the same manner as they had before, giving the same address. The same form of return was filed for each year thereafter through 1953. On or about September 21, 1954, after informal proceedings, the surviving trustees filed appeals for refund of said taxes and were notified by the solicitor of the School District of Pittsburgh on February 8, 1955, that the refund would not be granted, and on October 18, 1955, this complaint in assumpsit was filed.

Plaintiffs urge that the property in question is exempt from the tax under section 2 of the Act of June 20, 1947, P. L. 733, as amended by the Act of May 29, 1951, P. L. 441, 24 PS §581.2, which reads in part as follows:

". . . That the provisions of this section shall not apply to personal property . . . received or acquired . . . from any person or persons, . . . nonresident in, or not located within such school district . . . by any person or persons . . . as active trustee, . . . for the use, benefit, or advantage of any person or persons . . . nonresident in, or not located within, such school district, . . ."

The Act of May 21, 1943, P. L. 349, 72 PS §5566(b) provides:

"Section 1. Whenever any person or corporation of this Commonwealth has erroneously or inadvertently paid or caused to be paid into the treasury of any political subdivision, directly or indirectly, any tax or taxes on real or personal property, or any license fee or fees, under an assumption that such taxes or license fees were due and owing, when in fact such taxes or license fees, or a part thereof, were not due and owing to the political subdivision, then in such cases the authorities of the political subdivision, upon due proof of any such erroneous or inadvertent tax or license fee payments, are hereby directed to draw their war-

rant on the treasurer of such political subdivision in favor of such person or corporation, to make refund out of the public funds of such tax or taxes or license fee or fees to which the political subdivision has no valid claim: . . .

"Section 2. In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes or fees so erroneously paid into the treasury thereof, then the aggrieved person or corporation shall have the right to recover the sum involved by instituting an action in assumpsit in any court of competent jurisdiction within the county wherein such political subdivision is located. . . ."

Section 9 of the Act of June 20, 1947, P. L. 733, 24 PS §581.9, provides for certain steps to be followed in appeals from assessments under that act, and defendant contends that an action of assumpsit does not now lie because plaintiffs failed to follow these steps. However, as previously noted, the trustees filed appeals in 1954 and they were disallowed.

Defendant also cites the amendment of June 21, 1957, P. L. 381, 72 PS §5566(b), which provides that the Act of 1943 shall not apply where the taxpayer has any remedy under another statute. However, this is immaterial, since the present action was instituted in 1955 before the passage of this amendment and was brought in the very language of the Act of 1943, the averment being that plaintiffs "erroneously and inadvertently paid taxes, etc."

To follow the arguments of defendant would be to nullify the provisions of the Act of 1943 and defeat the purpose for which it was passed, i.e., to give a taxpayer the means of recovering money from a taxing body which was clearly not entitled to it.

Defendant also contends that these taxes cannot be refunded under the 1943 act because they were not

"erroneously or inadvertently" paid, and cites the case of Pittsburgh Coal Company v. Forward Township School District, 366 Pa. 489, in support of this position. However, the Supreme Court stated in that case, on page 492:

". . . In our view, the words 'erroneously paid' were clearly intended to cover cases where payment was made under a misapprehension as to what was being paid. But a tax intentionally and understandingly paid, although the assessment was made or the tax levied incorrectly, is not erroneously paid, and we do not think that section 6813 was designed to allow a refund of taxes in such a situation."

In that case plaintiff had paid the taxes under written protest in accordance with certain tax resolutions and, after similar resolutions had been declared invalid, sought their refund on the basis of erroneous payment. The court said, at page 491:

"There is not even the slightest intimation that the plaintiff did not knowingly and understandingly pay the precise amounts of the taxes imposed upon it by the duly enacted tax resolutions. This is further confirmed by the fact that, as also averred by the complaints, the plaintiff paid the taxes in question under protest in writing,—a clear indication that it knew exactly what it was doing when it paid the taxes. That the resolutions later proved to be legally ineffectual did not serve to make the plaintiff's intentional and deliberate payments erroneous or inadvertent."

Here it is clear that plaintiffs did not pay with the knowledge that the tax was improperly assessed. Obviously the returns were prepared, signed and filed with the belief that they covered the county personal property tax only, as had been the case before 1948, and therefore the payments were made under a "misapprehension as to what was being paid" and they come under the provisions of the Act of 1943.

*Order*

And now, to wit, November 7, 1958, judgment is hereby entered in favor of plaintiffs, and defendant is hereby directed to refund to plaintiffs the sum of $10,051.95.