## Hartzfeld, Appellant, *v.* Snyder Township School District.

Argued March 17, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Harold R. Schmidt*, with him *Jack W. Plowman*, and *Rose, Houston, Cooper & Schmidt*, for appellants.

*Thomas D. Stauffer*, with him *Raymond E. Brown*, *Donald J. Dennison*, and *David G. Matson*, for appellee.

OPINION BY MR. JUSTICE COHEN, May 2, 1961:

Appellant, Nugent Mining Company, paid taxes under protest upon coal mined and loaded on its premises. In the protests accompanying these tax payments appellant claimed that its coal tipple was not within the boundaries of the appellee, Snyder Township School District (School District), but rather that it was located in the adjacent Township of Washington. The School District had notified appellant by letter prior to these payments that it had made a "comprehensive search of the boundaries of Snyder-Washington Townships," and that appellant's loading dock was found to be located in Snyder County.

Appellant instituted an action in assumpsit against appellee seeking refund of the taxes paid. The Court of Common Pleas of Jefferson County held that it had no jurisdiction to determine the location of appellant's coal tipple for in order to do so it would be required to "ascertain and establish" the boundary lines of Snyder Township and Washington Township, the jurisdiction for which was exclusively in the court of quarter sessions (Act of May 1, 1933, P. L. 103, §302, as amended by the Act of July 10, 1947, P. L. 1481, §3, 53 PS §65302 (1957)) and even if the court did have jurisdiction the taxes had not been paid erroneously under the Act of May 21, 1943, P. L. 349, §1, 72 PS §5566b (1950).

While the Act of 1933, supra, requires that a court of quarter sessions "ascertain and establish" boundary lines, it does not deny the court of common pleas jurisdiction to determine the location of properties in relationship to boundary lines which have already been "ascertained and established." The jurisdiction of the courts of quarter sessions under the Act of 1933 is not plenary as to all matters which in any way concern boundaries so as to foreclose the jurisdiction of any

other court on questions of fact which have no effect on the ascertainment and establishment of boundaries.

The question involved in the present case was properly within the jurisdiction of the court of common pleas. However, since a review of the pleadings and record clearly discloses that appellant's coal tipple is not located in Snyder Township but in Washington Township, the lower court should have concerned itself solely with the issue of whether appellant could recover its taxes under the Act of 1943, supra. Here, appellant merits the refund and should prevail under the Act of 1943 since the payments were made "erroneously." We have said that, ". . . a payment of taxes to be made erroneously or inadvertently must be made 'under [a] mistaken assumption as to the facts.' " *Pittsburgh Coal Company v. Forward Township School District,* 366 Pa. 489, 492, 78 A. 2d 253 (1951) (quoting from *Columbia Casualty Company v. Westmoreland County,* 365 Pa. 271, 274, 74 A. 2d 86 (1950)). The school district's conclusion that appellant's coal tipple was within the boundary of Snyder Township was a mistake of fact, the dissemination of which was attributable to the School District and which was relied upon in good faith by appellant. We denied recovery in the *Pittsburgh Coal* case, supra, because no mistake of fact was present. There the tax itself was declared invalid and no refund of taxes paid was allowed because payments were made under an error of law and not under a mistake of fact. We noted in *Jefferson Memorial Park v. West Jefferson Hills School District,* 397 Pa. 629, 156 A. 2d 861 (1959), that extraterritorially assessed and paid taxes could not be recovered under the 1943 Act where no mistake of fact was involved. In that case we reached a different result because we did not have the active misrepresentation of the boundary line which was here made by the School District and mistakenly relied upon by both parties.

The 1943 Act has been amended by the Act of June 21, 1957, P. L. 381, §2, 72 PS §5566b (Supp. 1960) which, inter alia, excludes the word "erroneously." Since payment of the tax had been made prior to the Act of 1957, supra, we do not discuss this legislation other than to indicate that in *Glendale Heights Ownership Association v. Glenolden Borough School District*, 393 Pa. 485, 143 A. 2d 386 (1958) the Act was held to be prospective only.

Judgment reversed.