Scranton Pocono Girl Scout Council, Appellant *v.* County Commissioners of Susquehanna County, Appellees.

Argued December 15, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*John R. O'Brien, Oliver, Price and Rhodes,* for appellant.

*Robert G. Dean,* for appellees.

OPINION BY JUDGE BLATT, February 2, 1983:

The Scranton Pocono Girl Scout Council (appellant) appeals here an order of the Court of Common Pleas of Susquehanna County dismissing its tax exemption appeal.

The appellant owns two parcels of land in Susquehanna County which as a whole comprise Camp Archibald. Parcel A occupies the main area of the camp and is comprised of 218 acres, of which only 70 acres were exempted by the tax authorities. Parcel B is another separate 70 acre parcel used for hiking and overnight camping trips. This parcel was not exempted. The appellant challenged its assessment before the County Commissioners, and after failing there, appealed to the common pleas court. That appeal was dismissed and the instant appeal to this Court followed.

The right to a tax exemption in this Commonwealth is governed first by our Constitution and then by our general laws. Pa. Const. art. VIII, §2, provides in pertinent part that:

> (a)  The General Assembly may by law exempt from taxation:
>
> . . . .
>
> (v)  Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution.

Pursuant to the Constitution, the General Assembly enacted Section 202 of The Fourth to Eighth Class County Assessment Law (Law), Act of May 21, 1943 P.L. 571, *as amended,* 72 P.S. §5453.202, which provides in pertinent part that:

> (a)  The following property shall be exempt from all county, borough, town, township, road,

poor, county institution district and school (except in cities) tax, to wit:

. . . .

(3)   All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence or charity, including fire and rescue stations, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity:  Provided, That the entire revenue derived by the same be applied to the support and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purposes: Provided further, That the property of Associations and institutions of benevolence or charity be necessary to and actually used for the principal purposes of the institution and shall not be used in such manner as to compete with commercial enterprise.

The question as to whether or not the appellant here is entitled to the exemption is a mixed question of law and fact. *Presbyterian-University of Pennsylvania Medical Center v. Board of Revision of Taxes,* 24 Pa. Commonwealth Ct. 461, 357 A.2d 696 (1976). The burden of proving that a party falls within the ambit of the statute and is entitled to the exemption lies with the charity. *Id.* And, in proving that the property is necessary to the use of charity, absolute necessity is not required.  Rather, the institution must show a "reasonable necessity" embracing the idea of convenience and usefulness for the purposes intended. *Wayne County Board of Assessment v. Federation of Jewish Philanthropies,* 43 Pa. Commonwealth Ct. 508, 403 A.2d 613 (1979).  More importantly, whether or

not a charity's land is eligible for exemption depends upon whether or not the land is actually used for the charity's purposes. *Id.*

The appellant argues that it has met its burden and that an exemption should be granted for the entire camp (Parcels A and B) and not just for the 70 acres where the camp buildings are located. It cites the aforementioned *Federation of Jewish Philanthropies* case[1] and *Wayne County Board of Assessment v. Rolling Hills Girl Scout Council*, 19 Pa. Commonwealth Ct. 484, 353 A.2d 498 (1975) as authority for its position. *Federation of Jewish Philanthropies* involved a summer camp for the elderly, where the programs, similar in nature to the appellant's camp, included nature study, gardening, overnight hiking and camping, swimming and fishing. The court there noted that all of the camp's property was reasonably necessary to carry out the broad charitable principles of the camp and that no question had been presented that the property was used for anything but general charitable purposes. Even more to the point is the *Rolling Hills* case, where this Court held that a Girl Scout camp was entitled to the exemption as a charitable organization. There, as in the case at bar, the campers were required to pay a minimal fee but this fee never covered the actual costs of the camper's stay and could not be construed as creating a profit-making organization. Although it is true that a purely public charity must be entirely free from a profit motive, *Presbyterian Homes Tax Exemption Case*, 428 Pa. 145, 236 A.2d 776 (1968), the mere fact that a charity accepts fees from those it serves will not destroy its tax exempt status. *See Four Freedoms House of Philadelphia, Inc. v. Philadelphia*, 443 Pa. 215, 279 A.2d 155 (1971); *Federation of Jewish Philanthropies.*

---

[1] All of the 537.72 acres of this camp were held to be exempt.

We believe that the appellant here has clearly met its burden. The record reveals that the entire camp is used for various activities including hiking and camping, and that the wooded areas surrounding the camp act as a "buffer zone" to the outside world, thereby protecting and preserving the camp's privacy, a necessary function considering the need for a safe environment for these young campers.

In light of the above, we believe the trial court erred on a matter of law, and that this decision must be reversed, the appellant being entitled to a tax exemption for the entire 288 acre tract.

### ORDER

AND Now, this 2nd day of February, 1983, the order of the Court of Common Pleas of Susquehanna County is hereby reversed and the appellant is to be given tax exempt status for the entire 288 acre tract.