The Odd Fellows' Home of Pennsylvania, Appellant *v.* Board of Tax Assessment Appeals of Dauphin County and The County of Dauphin, Pennsylvania, Appellees.

Argued May 12, 1983, before Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*James Curtis Wood, Shumaker and Williams,* for appellant.

*Herbert A. Schaffner, Reynolds, Bihl and Schaffner,* for appellees.

OPINION BY JUDGE DOYLE, October 12, 1983:

This is an appeal by the Odd Fellows' Home of Pennsylvania (Odd Fellows) from an order of the Court of Common Pleas of Dauphin County which affirmed a denial of tax exempt status by the Dauphin County Board of Tax Assessment Appeals. We affirm.

The Odd Fellows' Home is a public charitable organization which provides residential as well as skilled and intermediate nursing care facilities for individuals who are indigent, infirm, aged, or needy. The facilities occupy approximately 33.3 acres of a 100 acre tract in Lower Swatara Township in Dauphin County, Pennsylvania. The court of common pleas determined that the 33.3 acres on which the facilities are physically located should be considered tax exempt but the approximately 66.4 acres of unimproved land remaining should not.[1] The Odd Fellows urge in appeal to this Court that the remaining unimproved land must also be held to be tax exempt.

Whether or not a charity's unimproved land should be considered tax exempt depends on whether the land is actually used for the charity's purpose. Pa. Const. art. VIII, §2(a)(v); Section 202 of the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.202(a)(3); *Scranton Pocono Girl Scout Council v. County Commissioners of Susquehanna County,* 71 Pa. Common-

---

[1] The court of common pleas, by order of September 17, 1981, held 70 acres to be taxable. Upon petition for reconsideration and stipulation by the parties, it was determined that 33.3 acres were used for the charitable purposes of the Home and 66.4 acres were unimproved land. The stipulation was reflected in the court's May 28, 1982 order.

wealth Ct. 528, 455 A.2d 281 (1983); *Wayne County Board of Assessment v. Federation of Jewish Philanthropies*, 43 Pa. Commonwealth Ct. 508, 403 A.2d 613 (1979). The Odd Fellows urge that the land in question is used for the charity's purpose because it constitutes needed land for expansion and provides a buffer between the Home and its neighbors necessary for the protection and well being of the residents and patients. Consequently, it is argued, the land should be held tax exempt. We do not agree.

Until recently, the land in question was leased to a tenant farmer and was held not tax exempt. *See Odd Fellows' Home of Pennsylvania v. Board of Tax Appeals of Dauphin County*, 102 Dauph. 276 (1981), *aff'd in part, rev'd in part*, 67 Pa. Commonwealth Ct. 227, 446 A.2d 996 (1982). The record discloses that presently *no* use is made of the land by the residents, patients or staff of the Home.[2] The land stands vacant providing only distance between the Home and its neighbors and providing acreage for future expansion of the Home.

Our research discloses no case in which a charity has been permitted to hold vacant land on a tax exempt basis for purposes of future construction or expansion of facilities. In addition, the record simply does not support the argument that such vast acreage is necessary as a buffer to protect the occasional wandering resident or patient. Accordingly, the land can-

---

[2] This distinguishes the case at bar from: *Scranton Pocono Girl Scout Council* (unimproved land used for hiking and camping); *Federation of Jewish Philanthropies* (unimproved land used for camping and nature walks); *Presbyterian-University of Pennsylvania Medical Center v. Board of Revision of Taxes*, 24 Pa. Commonwealth Ct. 461, 357 A.2d 696 (1976) (unimproved land traversed by nurses held for security purposes); *United Presbyterian Women's Association of North America v. Butler County*, 110 Pa. Superior Ct. 116, 167 A. 389 (1933) (entire farm including timberland held beneficial to orphan residents for roaming and hiking).

not be considered "actually used" to further the charitable purposes of the Home and is not exempt from taxation.

Affirmed.

### Order

Now, October 12, 1983, the order of the Court of Common Pleas of Dauphin County in the above referenced matter, dated May 28, 1982, is hereby affirmed.