644 A.2d 220

In re Appeal of John W. DAVIS and V. Louise
Davis from the Decision of the Providence
Township Zoning Hearing Board.

In re Appeal of John W. DAVIS and V. Louise Davis from the
Decision of the Drumore Township Board of Supervisors.

Appeal of PROVIDENCE TOWNSHIP ZONING HEARING
BOARD, Appellant.   (Two Cases)

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided June 13, 1994.

Melvin E. Newcomer, for appellant.

Peter M. Schannauer, for appellees.

Before PELLEGRINI and FRIEDMAN, JJ., SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Providence Township (Providence) appeals two separate orders of the Court of Common Pleas of Lancaster County (trial court) arising out of the operation of a junk yard on a

15.5 acre parcel of property owned by John W. Davis and V. Louise Davis (Davises). The first order reversed the Providence Township Zoning Hearing Board's (Providence ZHB) decision sustaining a notice of violation issued by Providence to the Davises. The second order reversed the Drumore Township Board of Supervisors' dismissal of the Davis' conditional use application.

In December, 1986, the Davises purchased the parcel, which is located in the area where Providence and Drumore intersect, and began operating a junk yard on the property. In February, 1987, contending that the junk yard was an unauthorized use under the Providence Zoning Ordinance, Providence issued a notice of violation to the Davises, which it successfully prosecuted before a district magistrate. However, when the Davises appealed contending that the property was located in Drumore rather than in Providence, uncertainty on Providence's part caused it to withdraw the notice of violation. The Davises continued operating their junk yard and on November 7, 1989, Providence again issued a notice of violation. Once again, however, Providence did not prosecute, choosing instead to intervene in the prosecution of a notice of violation issued to the Davises by Drumore on November 14, 1989. At a hearing held before the Drumore Zoning Hearing Board on January 29, 1990, Drumore and the Davises, together with Providence as intervenor, entered into an agreement stipulating that the 15.5 acre parcel was located in Drumore. The Drumore Zoning Hearing Board affirmed the notice of violation that was subsequently upheld by this court in *In re: Appeal of John W. Davis and V. Louise Davis* (No. 127 C.D.1991, memorandum opinion filed December 4, 1991).

Despite the violation, the Davises continued to use the parcel to operate a junk yard and, in February, 1991, Providence commissioned a survey of the property purporting to establish the property to be located within Providence.

In April, 1992, Providence once again issued a notice of violation. In May, 1992, the Davises filed a petition with the Drumore Board of Supervisors seeking permission to operate the junk yard as a conditional use. In addition, the Davises

also appealed the Providence notice of violation to the Providence ZHB. On the basis of the 1991 survey, the Providence ZHB found that the Davis' property was located within Providence and upheld the notice of violation. The Drumore Board of Supervisors, also finding that the property was located in Providence, dismissed the Davis' application for lack of jurisdiction. The Davises filed appeals from both of these determinations, which were consolidated by the trial court.

The trial court ruled that because both Providence and Drumore stipulated during the 1990 Drumore notice of violation proceedings that the property was located in Drumore, the parties were collaterally estopped from attempting to prove that the Davis' property was located in Providence in subsequent proceedings. The trial court, therefore, reversed the order of the Providence ZHB on the basis that the Providence ZHB did not have jurisdiction over property located in Drumore, and reversed the Drumore Board of Supervisors' dismissal of the Davis' conditional use application. These consolidated appeals followed.[1]

Providence contends that the trial court erred in holding that the doctrine of collateral estoppel precluded it from asserting that the Davis' property was located in Providence rather than in Drumore as it had been stipulated to in the 1990 notice of violation proceedings before the Drumore Zoning Hearing Board. It contends that collateral estoppel does not apply because the ultimate issues before the Providence ZHB and Drumore Board of Supervisors in 1992 were different than those in the 1990 Drumore proceeding, and because the Drumore Zoning Hearing Board and Drumore Board of Supervisors were not tribunals of equivalent jurisdiction.

The doctrine of collateral estoppel or issue preclusion serves to prevent a party to an earlier proceeding where an issue has been decided from attempting to relitigate that

1. Where the trial court received no additional evidence in a zoning appeal, our scope of review is limited to a determination of whether the zoning board abused its discretion or made an error of law. *In re Hoover*, 147 Pa.Commonwealth Ct. 475, 608 A.2d 607 (1992).

precise issue in later proceedings with the same parties. *In re Private Road in Union Township,* 148 Pa.Commonwealth Ct. 522, 611 A.2d 1362 (1992). It is only applicable when:

1) The issue decided in an earlier case is identical to that presented in the later action;

2) There was a final judgment on the merits in the earlier action and the issue decided was essential to that judgment;

3) The party against whom the estoppel claim is asserted was a party or in privity with a party in the earlier adjudication; and

4) The party against whom the estoppel is claimed had a full and fair opportunity to litigate the issue in the prior action.

*Jacqueline v. Hatboro Borough Zoning Hearing Board,* 152 Pa.Commonwealth Ct. 568, 571–72, 620 A.2d 554, 556 (1993). In addition to these four traditional elements, when the issue at hand has been decided in two different tribunals, the second tribunal will only be bound by the first tribunal if the two have equivalent subject matter jurisdiction. *Philadelphia v. Stradford Arms, Inc.,* 1 Pa.Commonwealth Ct. 190, 274 A.2d 277 (1971).

Facially, the doctrine of collateral estoppel is applicable in this case. The issue of where the Davis' property was located was established in the 1990 Drumore proceeding, without which the final judgment in that proceeding affirming the notice of violation could not have been entered. It is identical to the threshold issue presented in both the 1992 Providence and 1992 Drumore decisions. Furthermore, by virtue of its status as an intervenor in the 1990 Drumore proceeding stipulating to the resolution of the issue, Providence had a full and fair opportunity to litigate the issue of the location of the property.

Since both the Providence ZHB acting on the 1992 notice of violation and the Drumore Zoning Hearing Board acting on the 1990 notice of violation were of equivalent jurisdiction, *i.e.,* two administrative zoning tribunals with the power to adjudicate violations of their respective zoning ordinances, Provi-

dence was collaterally estopped from asserting that the property was located in Providence rather than in Drumore in the 1992 Providence proceeding. The issue, therefore, is whether the Drumore Zoning Hearing Board which heard the 1990 notice of violation and the Drumore Board of Supervisors which dismissed the 1992 conditional use application were of equivalent jurisdiction.

As Providence points out, pursuant to the Municipalities Planning Code,[2] a board of supervisors and a zoning hearing board have jurisdiction over different aspects of zoning, *i.e.,* the former may consider applications for conditional uses while the latter may consider special exceptions. 53 P.S. §§ 10912.1, 10913.2. However, under *Stradford Arms,* jurisdiction need not be concurrent but merely equivalent. As recognized by the trial court, the Drumore Zoning Hearing Board and the Drumore Board of Supervisors are two initial level administrative bodies of the township which decide matters arising out of the Drumore Zoning Ordinance and essentially perform the same task. More importantly, both are limited in their jurisdiction based upon the location of the property at issue. In contrast to the situation in *Stradford Arms* where the two tribunals were a court of general jurisdiction and a zoning body, these two bodies are sufficiently equivalent in jurisdiction as to permit the application of collateral estoppel.

By finding that collateral estoppel precludes Providence from bringing a notice of violation before its Zoning Hearing Board, we do not hold that Providence has forever foregone the ability to exercise zoning jurisdiction over the Davis' property if it is determined that the property is within its borders. The Municipalities Planning Code vests sole zoning jurisdiction in the local government in which the property is located, and that jurisdiction simply cannot be waived or stipulated away. The problem here is that it has not yet been properly determined in which township, Providence or Drumore, the Davis' property is located.

2. Act of December 21, 1988, P.L. 1329, No. 172, *as amended,* 53 P.S. § 10101 *et seq.*

■ Both Providence and Drumore are townships of the Second Class as defined by the Second Class Township Code (Code).[3] Section 302 of the Code provides in relevant part:

The courts of quarter sessions may, upon the presentation of a petition, ...; (b) cause the lines or boundaries of townships to be ascertained and established; and (c) ascertain and establish disputed lines and boundaries between two or more townships....

53 P.S. § 65302. Pursuant to this section, it is up to the court of common pleas to determine whether the Davis' property is located in Providence or Drumore. *Hartzfeld v. Snyder Township School District*, 403 Pa. 632, 170 A.2d 355 (1961). Once the court of common pleas determines in which township the property is located, that township has jurisdiction regardless of any stipulation entered by any of the parties. However, until a judicial determination under the Second Class Township Code as to the locus of the Davis' property is made, the stipulation that Providence entered into the 1990 Drumore proceeding that the Davis' property is located in Drumore acts to collaterally estop it from asserting otherwise before its own Zoning Hearing Board. See, *e.g., Connoquenessing Township v. Butler Township*, 88 Pa.Commonwealth Ct. 530, 491 A.2d 288 (1985). Accordingly, we affirm.

### *ORDER*

AND NOW, this 13th day of June, 1994, the orders of the Court of Common Pleas of Lancaster County dated August 30, 1993, are affirmed.

FRIEDMAN, Judge, dissenting.

Because I do not believe that the doctrine of collateral estoppel applies here, I respectfully dissent. Although I agree with the majority's conclusion that Providence cannot assert jurisdiction over the Davis' property, I do not agree that it is collaterally estopped from doing so by virtue of its prior stipulation to the contrary.

**3.** Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101–67201.

As a matter of law, the Davis' property is located either in Drumore or in Providence. It is true that the issue of where this property was located was established *by stipulation* in the 1990 proceeding; however, because the property's location is a matter of law rather than fact, any stipulation regarding the situs of the property is without consequence. *See Lyons v. City of Philadelphia*, 159 Pa.Commonwealth Ct. 107, 632 A.2d 1006 (1993). For this reason alone, the stipulation made in connection with the 1990 action cannot be used as a basis for collateral estoppel.

As the majority correctly notes, the Municipalities Planning Code vests sole zoning jurisdiction in the local government in which the property is located. However, this matter has not yet been definitively determined here, and until a court of common pleas finally determines the location of the property under the Second Class Township Code, we cannot guess where jurisdiction will lie. Therefore, I do not believe that we can affirm or reverse the trial court here; instead, I would vacate the trial court orders and remand with instructions to enter appropriate orders once the location of the property and, hence, jurisdiction over that property, has been established.