The BOROUGH OF PROSPECT,
BUTLER COUNTY,
Pennsylvania

v.

James E. BAUER and Richard W. Sho-
maker t/d/b/a Pittsburgh Parts–A–Rama,
a/k/a Pittsburgh Part–A–Rama.

FRANKLIN TOWNSHIP

v.

James E. BAUER and Richard W. Sho-
maker t/d/b/a Pittsburgh Parts–A–Rama,
a/k/a Pittsburgh Part–A–rama.

Appeal of FRANKLIN TOWNSHIP,
Appellant.

Commonwealth Court of Pennsylvania.

Argued July 16, 1998.
Decided Aug. 12, 1998.

Philip P. Lope, Zelienople, for appellant.

Thomas W. King, Butler, for appellee, Bor-
ough of Prospect.

Before COLINS, President Judge,
PELLEGRINI, J., and NARICK, Senior
Judge.

NARICK, Senior Judge.

The issue before this Court is whether the
doctrine of collateral estoppel applies when a
change in the law has occurred.

Franklin Township (Franklin) appeals
from the order of the Court of Common
Pleas of Butler County that granted the mo-
tion for summary judgment filed by the Bor-
ough of Prospect (Prospect) and James E.
Bauer (Pittsburgh Parts–A–Rama) on the ba-
sis of collateral estoppel. We reverse and
remand.

Franklin and Prospect are adjacent
municipalities in Butler County. The Butler
Fair and Agricultural Association (Butler
Fair) owns 150 acres that straddles both
municipalities, with approximately 100 acres
in Franklin and 50 acres in Prospect. Butler
Fair conducts an annual fair but also leases

the fairgrounds to promoters such as Pittsburgh Parts–A–Rama.

Prospect had long collected an amusement tax on activities at the fairgrounds by virtue of its 1966 ordinance. Franklin, desiring to also receive tax revenues, enacted an amusement tax ordinance in 1994. Franklin's 1994 ordinance sought to collect a 5% tax on amusement activities from any person that charges "an admission within Franklin Township." This language was reflective of Prospect's ordinance. However, this competing demand for tax revenues resulted in Prospect filing of a declaratory judgment action in 1994, contesting Franklin's right to collect a tax on admission. Following a hearing, the trial judge found that because both municipalities' amusement tax was a tax on "admissions," and because all admissions booths were located in Prospect, only Prospect was entitled to collect the amusement tax. (1994 Trial Court Opinion).

Based upon this opinion, in 1995, Franklin amended its amusement tax ordinance to impose a tax upon the amusement "activity" and not upon the place of admission. Thereafter, Franklin sought payment of the tax by those, including Parts–A–Rama, who conducted an amusement activity with Franklin, regardless of where the admission booth to the activity was located.

Prospect filed a Petition for Contempt and sought a determination what Franklin was in violation of the 1994 Trial Court Opinion. The trial court found Franklin in contempt and Franklin appealed. This Court reversed at *Franklin Township v. Borough or Prospect,* 688 A.2d 1283 (No. 1551 C.D.1996, filed January 3, 1997).

Following this determination, Prospect sought payment of its amusement tax from Parts–A–Rama and filed a claim for payment to the trial court. Franklin also filed an action, seeking payment of the amusement tax. In light of the competing demands for the tax, Parts–A–Rama filed a petition for interpleader. These cases were consolidated.

Prospect filed a motion for summary judgment, arguing that it was the sole municipality entitled to collect the amusement tax. The trial court agreed, holding that the doctrine of collateral estoppel barred Franklin from asserting a claim for taxes, based upon its 1994 opinion. The trial court granted Prospect's motion for summary judgment and dismissed Franklin's complaint with prejudice.

On appeal to this court,[1] Franklin argues that the trial court erred in granting summary judgment based upon the doctrine of collateral estoppel. We agree.

The doctrine of collateral estoppel prevents the relitigation by the same parties of issues that have been decided on their merits. The elements of collateral estoppel are:

1) the issue decided in an earlier case is identical to that presented in the later action;

2) there was a final judgment on the merits in the earlier action and the issue decided was essential to that judgment;

3) the party against whom the estoppel claim is asserted was a party or in privity with a party in the earlier adjudication; and

4) the party against whom the estoppel is claimed had a full and fair opportunity to litigate the issue in prior action.

*Appeal of Providence Township Zoning Hearing Board,* 165 Pa.Cmwlth. 20, 644 A.2d 220 (1994).

Franklin asserts that the issues are not identical because of its 1995 amendment to collect taxes for amusement "activities" within the township. Franklin asserts that the trial court's first opinion written in 1994, concerned only taxes for 1994, and under the new ordinance the issues are not identical to those presented in the original case. In essence, Franklin argues that because there was a change in the law, the issues cannot be identical.

Pennsylvania has applied Section 28(2) of the Restatement (Second) of Judgments

---

1. Our scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Bowles v. Southeastern Pennsylvania Transportation Authority,* 135 Pa.Cmwlth. 534, 581 A.2d 700 (1990).

(1982), which allows relitigation "in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration." In *Keystone Water Co. v. Pennsylvania Public Utility Commission*, 81 Pa.Cmwlth. 312, 474 A.2d 368 (1984), we recognized that a change in the law permitted relitigation, citing Section 28(2) of the Restatement. Thus, clearly Franklin's 1995 ordinance, applicable to taxation of entities from 1995 onward, is a change in the law and thus, claim preclusion cannot be the basis of granting Prospect's motion for summary judgment. Therefore, we hold that the trial court erred in granting Prospect's motion for summary judgment.

Accordingly, we reverse and remand.

### ORDER

AND NOW, this 12th day of August, 1998, the order of the Court of Common Pleas of Butler County in the above-captioned matter is reversed and the case is remanded for findings consistent with the foregoing opinion.

Jurisdiction relinquished.