Presbyterian-University of Pennsylvania Medical Center *v.* Board of Revision of Taxes, Appeal of City of Philadelphia.

The City of Philadelphia, Board of Revision of Taxes, Appellant.

Argued April 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Howland W. Abramson,* with him *James M. Penny, Jr.,* Assistant City Solicitor, *Claudia Kapustin,* Assistant City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellant.

*William J. Taylor,* with him *Richard J. Sabat,* and, of counsel, *Morgan, Lewis & Bockius,* for appellee.

OPINION BY JUDGE MENCER, May 13, 1976:

At issue in this case is the entitlement of appellee, Presbyterian-University of Pennsylvania Medical Center (Hospital), to an exemption from real property taxes for the year 1974, on a 2.34 acre tract of land adjacent to the hospital's main facility. The appellant here, the Board of Revision of Taxes of Philadelphia (Board), denied the hospital's claim to an exemption. On appeal, the Court of Common Pleas of Philadelphia County reversed the Board by an order dated December 26, 1974. The Board filed eleven exceptions to the order of the court below which were dismissed on May 30, 1975. Three of those exceptions were preserved on appeal to this court.

Two of the Board's exceptions deal directly with the exemption issue. We begin our analysis by noting that

the question of whether one is entitled to an exemption is a mixed one of law and fact. *City of Harrisburg v. Presbyterian Apartments, Inc.,* 18 Pa. Commonwealth Ct. 428, 337 A. 2d 297 (1975). The law in question here is Section 204 of the Act of May 22, 1933, P. L. 853, *as amended,* 72 P.S. §5020-204(a)3 which provides in pertinent part:

"(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

. . . .

"(3) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence or charity, including fire and rescue stations, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity: Provided, That the entire revenue derived by the same be applied to the support and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose;"

This statute carries out the power granted in Article VIII, Section 2(a)(v) of the Pennsylvania Constitution.

"(a) The General Assembly may by law exempt from taxation:

. . . .

"(v) Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution."

It was admitted by the Board that the hospital was founded, endowed and maintained by a charity. Therefore the question remaining before us is whether the grounds in question are "necessary for the occupancy and enjoyment" of the hospital.

The property which is the subject of this appeal comprises an entire city block bounded by 39th Street, Saunders Avenue, Baring Street and Powelton Avenue in the city of Philadelphia. Approximately 97,000 square feet of this area is unimproved except for a tennis court and landscaping. The remainder of the tract, some 20 percent, is occupied by a four story apartment building containing 32 apartments. Testimony at the de novo hearing before the court below established that two apartments are occupied by hospital staff technicians and two others are used periodically to house nurses whom the hospital is attempting to recruit. The remaining apartments are rented to foreign exchange nurses who are licensed as nurses in their own countries but not in the United States. These nurses engage in two years of work and some study at the hospital with the object of becoming licensed in this country. Foreign exchange nurses comprise between 20 and 25 percent of the hospital's staff of registered nurses and are paid a salary in excess of $8,000 a year for their work.

In order to qualify for any tax exemption, a claimant bears the burden of bringing itself within the ambit of the exemption. *Four Freedoms House of Philadelphia, Inc. v. City of Philadelphia,* 443 Pa. 215, 279 A. 2d 155 (1971). The burden remains the same for those claiming an exemption under Section 204. *University of Pittsburgh Tax Exemption Case,* 407 Pa. 416, 180 A. 2d 760 (1962). Section 204 requires that property, to be exempt, must be "necessary for the occupancy and enjoyment" of the charitable use. Absolute necessity, however, need not be shown. Evidence establishing a reasonable necessity is sufficient to carry claimant's burden. *Allegheny General Hospital v. Board of Property Assessment Appeals and Review, Allegheny County,* 207 Pa. Superior Ct. 266, 217 A. 2d 796 (1966).

The evidence in the instant case establishes that the existence of the apartment building in close proximity to

the hospital may serve as an inducement to foreign nursing students, without whom the hospital's operations would be curtailed, to enroll in the hospital's program. Additionally, the presence of personnel near the hospital is advantageous in case of emergency or the unexpected absence of regularly scheduled employees. Further, it was established that the apartments were not managed with the intent of making a profit and that all rentals were paid into the general fund and used to defray maintenance and operation costs. Under facts quite similar to these the Superior Court found that two hospitals were entitled to exemptions for residences and living quarters rented to employees. *See Shadyside Hospital Appeal*, 207 Pa. Superior Ct. 261, 218 A. 2d 355 (1966) and *Allegheny General Hospital, supra*. Following these cases, we hold that the claimant had met its burden before the court below and the exceptions as they relate to the apartment building were properly dismissed.

The portion of the property which contains a single tennis court and is landscaped to provide a "recreational area" poses a more difficult question, however. It has generally been held that the question of whether grounds are "necessary for the occupancy and enjoyment" of a charitable institution is one primarily for its governing board. *Christian Literature Crusade, Inc. v. Board for the Assessment and Revision of Taxes of Montgomery County*, 17 Pa. Commonwealth Ct. 63, 328 A. 2d 896 (1974), *Shadyside Hospital Appeal, supra*. The courts will not, however, give unlimited deference to the charitable body's characterization. We must also be mindful that the city and its taxpayers have an interest in safeguarding the city's shrinking tax base. Only where land owned by a hospital contributes in a reasonable manner to its function as a hospital, is the exemption justified. Thus parking facilities connected to a hospital and restricted to use by hospital personnel and patients, in an area where parking is scarce, have been exempted. *See*

*City of Pittsburgh v. Montefiore Hospital Association,* 68 Pa. D. & C. 2d 257 (1974). But an open area containing only two tennis courts and a cinder track was held not entitled to an exemption. *Hahnemann Hospital's Appeal,* 34 Pa. D. & C. 212 (1938).

In the case at bar, testimony established that the vacant land between the hospital and the apartment building was reasonably necessary for security purposes. The land was cleared of obstructions and lighted. Security guards escorted foreign exchange nurses through this area at night. Since the area in which the hospital is located is perceived as a "high crime area," it was deemed necessary by the hospital to secure the land between the apartment and the hospital. This is undoubtedly a close case, however, in light of the factual situation revealed in the record, we are of the view that the trial court did not err in finding the landscaped area exempt from real estate taxes.

The final issue preserved on appeal concerns the failure of the trial judge to recuse himself at the request of the Board. No cogent reasons are advanced why the judge should have excused himself, thus we find the Board's third contention to be without merit.

Order affirmed.

President Judge BOWMAN dissents.

Judge KRAMER did not participate in the decision in this case.