**Appeal of the Shipley School from Decision of the Board of Assessment Appeals of Montgomery County**

*Sarah Ford*, for Shipley School.
*Albert Oehrle*, for Lower Merion Township.
*Michael D. Marino*, for Mtg. Co. Bd. of Assessment.
*James Garrity*, for Lower Merion School Board.
*Logan Bullitt, IV*, for Montgomery County.

BROWN, *J.*, May 14, 1981—Appellant, The Shipley School (hereinafter Shipley), seeks real estate tax exemptions for four residential properties located on the campus and occupied by school administrators and faculty members. Applications for Exemption for the years 1975 forward were filed

for three of the properties, located at 117, 119 and 125 North Merion Avenue. Following hearings, Shipley received notice from the Board of Assessment Appeals (hereinafter board) that the applications had been denied. Application, hearing and denial of exemption for the year 1979 for the fourth property, located at 139 North Merion Avenue, took place during the fall of 1978. Appeals taken from the above decisions of the board were consolidated for trial, with hearings held on February 28, March 6, and March 10, 1980.

## FINDINGS OF FACT

1. Appellant, The Shipley School, is a non-profit educational corporation which owns four residential properties located on the campus at 117, 119, 125 and 139 North Merion Avenue in Lower Merion Township.

2. The residence located at 117 North Merion Avenue is occupied by Mary Cate MacLean, Shipley's Academic Dean; that at 119 North Merion Avenue by Robert I. Hoffman, Dean of Students, and his family; that at 125 North Merion Avenue by Anna M. P. Wilkinson, head of the Lower School; and that at 139 North Merion Avenue by George D. Wrangham, Chairman of the History Department and summer session director, and his family.

3. Miss MacLean currently pays rent to Shipley for the residence at 117 North Merion Avenue, while Shipley pays utilities, repairs, taxes and insurance.

4. Mr. Hoffman pays no rent for the residence at 119 North Merion Avenue and Shipley pays utilities, repairs, taxes and insurance.

5. Mrs. Wilkinson pays no rent for the residence at 125 North Merion Avenue, but does pay for utilities, while Shipley pays taxes and insurance.

6. Mr. Wrangham pays rent for the residence at

139 North Merion Avenue and pays for utilities, while Shipley pays taxes and insurance.

7. Miss MacLean, as Shipley's Academic Dean, is primarily responsible for the school's academic structure, class schedules and curriculum coordination. Besides joining boarding school students for meals three times a week, Miss MacLean attends events at the school, serves in place of the headmaster when he is away, and has formal weekend duty (four weekends during the 1979-1980 year). While Miss MacLean has occasionally entertained students in her residence, no other school related activity occurs at 117 North Merion Avenue.

8. Mrs. Wilkinson, as head of Shipley's Lower School, is responsible for the planning and organization of grades from nursery through grade seven. She joins boarding students for meals occasionally, attends various events at the school, and has formal weekend duty (two weekends during the 1979-1980 year). Mrs. Wilkinson's residence at 125 North Merion Avenue is used for faculty meetings held, approximately, one evening each month and for a picnic in the spring for the seventh graders prior to their graduation from the Lower School. No other school related activity occurs at 125 North Merion Avenue.

9. Mr. Wrangham, as Chairman of Shipley's history department, supervises history faculty and the history program, and supervises the summer session program. Like Miss MacLean and Mrs. Wilkinson, he occasionally joins boarding students for meals and attends events on campus, although he has no formal weekend duty. While Mr. Wrangham has had faculty members at his residence to discuss matters relating to Shipley, no other school related activity occurs at 139 North Merion Avenue.

10. Mr. Hoffman, as Shipley's Dean of Students,

coordinates the scheduling and running of all events and activities on and off campus. He is in charge of school discipline, of attendance, and the boarding department. He and his family join the boarding students for evening and weekend meals often and he has formal weekend duty (nine weekends during the 1979-1980 year). Mr. Hoffman's residence is used for (1) an organizational meeting prior to the start of each school year, (2) isolated disciplinary problems (approximately six times per year), (3) an annual Christmas dinner for senior boarding students, (4) dinners with older students (approximately a dozen times per year), and (5) three to four cookouts per year.

## DISCUSSION

The claims for exemption are based on Article 8, Section 2(a) of the Pennsylvania Constitution which provides that "The General Assembly may by law exempt from taxation: . . . (v) Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of such institution which is actually and regularly used for the purposes of the institution." The General County Assessment Law, 72 P.S. § 5020-204, states:

"(a) the following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

. . .

(3) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolent or charity, including fire and rescue stations, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed, and maintained by public or private charity: . . . "

A claimant for a tax exemption has the burden of bringing himself within the exemption statute. University of Pittsburgh Tax Exemption Case, 407 Pa. 416, 419-420, 180 A. 2d 760-761, (1962). Moreover, statutes exempting property from taxation are subject to strict construction "and to this rule there is no exception in the case of property owned by nonprofit educational institutions devoted to educational purposes and objectives." Id. at 420, 180 A. 2d at 761.

The parties to this action have stipulated that Shipley is a "purely public charity" as set forth in the Pennsylvania Constitution and is thereby a tax-exempt institution; the issue this court must determine is whether the four properties in question are "necessary for the occupancy and enjoyment of" Shipley within the meaning of Section 5020-204 and are "actually and regularly used for the purposes of" Shipley within the meaning of Article 8, Section 2 of the Pennsylvania Constitution.

Appellant has not met its burden of proof with respect to the properties located at 117, 125 and 139 North Merion Avenue.

The evidence reveals that the actual and principal use of the property at 117 North Merion Avenue is as a residence for Miss MacLean. Like the residents of the other properties, Miss MacLean has meals with the boarding students. She has, on occasion, had students at her home socially, but no use of her residence for school-related purposes was established at the hearing, let alone actual, regular or primary use for the attainment of Shipley's educational objectives and her duties as academic dean.

Likewise, the residences of Mrs. Wilkinson and Mr. Wrangham were not shown to have any actual and regular use related to attainment of Shipley's educational purposes. Like Miss MacLean, Mrs.

Wilkinson and Mr. Wrangham join the boarding students for meals (though less often) and attend school sponsored events at various locations on and off campus. This has little bearing, however, on whether the properties they occupy are actually and regularly used for Shipley's educational purposes. No actual and regular school related activity occurs at Mr. Wrangham's residence. While approximately once a month a faculty meeting is held in Mrs. Wilkinson's residence, and one spring picnic for seventh graders is held there, these isolated activities fall far short of "actual and regular" school-related use necessary to qualify the property for tax exempt status. This is highlighted by the availability of other facilities on the campus for both the faculty meetings and the picnic, which are clearly secondary to the primary and dominant use of the property as Mrs. Wikinson's home.

The failure of the properties at 117, 125 and 139 North Merion Avenue to meet the standards required for tax exemption under Section 5020-204 and Article 8, Section 2 of the Constitution contrasts with the use of 119 North Merion Avenue, which is actually and regularly used for Shipley's educational objectives. That property is a residence, but unlike the other properties, it is used, actually and regularly, for a variety of functions directly related to Mr. Hoffman's position at Shipley as Dean of Students. Mr. Hoffman is in charge of the Boarding Department. Prior to the start of each school year, an organizational meeting is held. The Hoffman residence is used by Mr. Hoffman to handle disciplinary problems which arise each school year and require a private atmosphere for their resolution. In addition, the Hoffman residence is used for an annual Christmas dinner for senior boarding students and the Hoffmans nor-

mally have older students visit socially a dozen times each year. Finally, three to four barbecues involving the student body occur at the Hoffman residence each spring. Unlike the other three properties, functions of the Dean of Students are clearly related to and performed in Mr. Hoffman's residence. A continuous and active relationship between the Dean of Students, in charge of all student non-academic affairs, and the students is obviously a necessary and vital part of Shipley's operation. The use of the property at 119 North Merion Avenue is a necessary part of the performance of Mr. Hoffman's job. The use of the property for the furtherance of Shipley's educational objectives is actual and regular and, for this reason, the property at 119 North Merion Avenue is entitled to tax exemption.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties hereto and the cause of action.

2. The Shipley School is a "purely public charity" within the meaning of the General County Assessment Law, Act of May 22, 1933, P.L. 853, 72 P.S. §5020-204.

3. The property located at 119 North Merion Avenue is entitled to an exemption from local real property taxes under the laws of the Commonwealth of Pennsylvania.

4. The properties located at 117, 125 and 139 North Merion Avenue are not entitled to an exemption from local real property taxes under the laws of the Commonwealth of Pennsylvania.

## DECREE NISI

And now, May 14, 1981, after hearing, the application of The Shipley School for an exemption from

local real property taxes is denied with regard to the properties located at 117, 125 and 139 North Merion Avenue, and granted with regard to the property located at 119 North Merion Avenue.

If no exceptions are filed within ten days from the date of this adjudication and decree nisi, the decree nisi shall be entered by the prothonotary upon praecipe as the final decree of the court.