In Re: Appeal of Pennsylvania Easter Seal Society From Real Estate Taxation Assessment.

Pennsylvania Easter Seal Society, Appellant.

Argued February 5, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Betty F. Perry, Killian & Gephart,* for appellant.

*Herbert A. Schaffner, Reynolds, Bihl and Schaffner,* for appellee.

OPINION BY JUDGE BLATT, June 7, 1982:

The appellant, the Pennsylvania Easter Seal Society, appeals a decision of the Court of Common Pleas of Dauphin County holding that a mobile home located on the appellant's property is not entitled to an exemption from real estate taxes under Section 202 of the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.202.

The appellant owns property on which are situated its headquarters building, a number of other struc-

tures and the mobile home here in question. The mobile home is used to provide rent-free accommodations to a custodian and to her husband who is disabled. She provides janitorial services for all of the buildings. The appellant assigns a rental value for the housing provided in order to determine the amount of FICA taxes to be paid for the custodian's Social Security benefits. The County of Dauphin (County) concedes that the appellant is a tax-exempt organization under 72 P.S. §5453.202 and that its property and other buildings were not subject to real estate taxes, but it assessed $35 for taxes on the mobile home for the year 1980. The appellant appealed to the Board of Assessment Appeals of Dauphin County and then to the court of common pleas, which found that the mobile home was not necessary to or actually used for the appellant's principal charitable purposes and that the exemption therefore did not apply. Exceptions to that decision were filed and dismissed and this appeal followed.

The appellant contends that the purpose of maintaining the mobile home on the premises was so that the custodian could provide 24-hour property protection, that such an interest is directly related to the charitable purposes pursued by the appellant and that the court below erred by concluding that the mobile home was merely a convenience for the custodian and that the property protection provided was of only incidental interest to the appellant.

The Pennsylvania Constitution provides:

(a) The General Assembly may by law exempt from taxation:

. . . .

(v) Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of

such institution which is actually and regularly used for the purposes of the institution.
Pa. Const. art. VIII, §2. And, the legislature has enacted 72 P.S. §5453.202, which states in pertinent part:

(a) The following property shall be exempt from all county, borough, town, township, road, poor, county institution district and school (except in cities) tax, to wit:

. . . .

(3) All . . . associations and institutions of learning, benevolence or charity with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed, and maintained by public or private charity: Provided, That the entire revenue derived by the same be applied to the support and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purposes: Provided, That *the property of associations and institutions of benevolence or charity be necessary to and actually used for the principal purposes of the institution* and shall not be used in such a manner as to compete with commercial enterprise. (Emphasis added.)

It is true that the entitlement to a tax exemption should be strictly interpreted against the taxpayer, *Board of Revision of Taxes of Philadelphia v. United Fund of Philadelphia,* 11 Pa. Commonwealth Ct. 201, 314 A.2d 530 (1973), but our courts have found that a charity need not show that a property is absolutely necessary to its needs to claim an exemption and that it is sufficient to demonstrate that it has a reasonable necessity for the property, "embracing the idea of

convenience and usefulness for the purposes intended.'' *Wayne County Board of Assessment v. Federation of Jewish Philanthropies,* 43 Pa. Commonwealth Ct. 508, 514, 403 A.2d 613, 616-17 (1979). In *Wayne County,* we found that 537 acres surrounding a summer camp was reasonably necessary to the operation of that camp and therefore was entitled to an exemption. Other cases which are instructive in this regard have found that residences for nurses were reasonably necessary to the operation of hospitals, *Presbyterian-University of Pennsylvania Medical Center v. Board of Revision of Taxes,* 24 Pa. Commonwealth Ct. 461, 357 A.2d 696 (1976); *Shadyside Hospital Appeal,* 207 Pa. Superior Ct. 261, 218 A.2d 355 (1966), and that an area purchased for *security purposes* near a hospital was exempt. *Presbyterian-University.*[1] *See also, Lutheran Social Services Tax Exemption Case,* 26 Pa. Commonwealth Ct. 580, 364 A.2d 982 (1976).

In the present case the uncontradicted testimony established that the custodian was required to live in the mobile home as a condition of her employment, that her duties were not only janitorial but also included surveillance of the property and that vandalism on the premises had been significantly reduced by the custodian's 24-hour presence.

We believe that these considerations were not merely incidental to the appellant's charitable purposes. To the contrary, we believe that the appellant established a reasonable necessity for the presence of the mobile home on its property. Clearly a charity has a direct and substantial interest in pro-

---

[1] These cases interpreted Section 204(a)(3) of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-204(a)(3), which permits an exemption for property "necessary for the occupancy and enjoyment" of the charity.

tecting property which is used directly for its eleemosynary purposes, and the mobile home concerned here served such a function by effectively deterring vandalism and property damage.

We must therefore hold that the court below erred in refusing the tax exemption[2] and we will reverse its order.

### ORDER

AND Now, this 7th day of June, 1982, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is reversed.

Judge MENCER did not participate in the decision in this case.

Judge WILLIAMS dissents.

---

[2] Our scope of review is to determine whether or not the court below abused its discretion, or committed an error of law, and whether or not its findings of fact were supported by substantial evidence. *Lutheran Social Services.*