643 A.2d 1152

In re SWARTHMORE COLLEGE From the decision of the Board of Assessment Appeals of the County of Delaware in connection with Premises at 550 Elm Avenue Borough of Swarthmore, Pennsylvania, Relating to 1991 Real Estate Assessment and all subsequent assessments during the pendency of appeal.

Appeal of Wallingford Swarthmore School District, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1994.

Decided June 7, 1994.

Thomas H. Broadt, for appellant.

Susan E. Line, for appellee.

Before SMITH and KELLEY, JJ., and DELLA PORTA, Senior Judge.

SMITH, Judge.

Wallingford Swarthmore School District (District) appeals from the April 19, 1993 order of the Court of Common Pleas of Delaware County reversing a decision of the Delaware County Board of Assessment Appeals (Board) which denied Swarthmore College's tax assessment appeal regarding property located at 550 Elm Avenue, Borough of Swarthmore, Pennsylvania (vice-president's house). The issues presented are whether there is sufficient evidence to conclude that the property is actually and regularly used for the purposes of the college and is necessary for the occupancy and enjoyment of

the college; and whether the dominant purpose of the property is to provide housing to the vice-president as a mere convenience to the college.

Swarthmore College, a Pennsylvania non-profit corporation organized and operated exclusively for educational purposes, owns the property and its vice-presidents for alumni development have lived in the house since the early 1960's. In 1991, the Board assessed the house at $10,000 for real estate purposes for the first time. After the Board denied its tax assessment appeal, Swarthmore College filed a petition for real estate tax assessment exemption with the trial court.

At the hearing, the parties stipulated that Swarthmore College is a tax exempt educational institution pursuant to Article VIII, Section 2(a)(v) of the Pennsylvania Constitution and Section 204(a)(3) of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–204(a)(3). Harry Detweiler Gotwals, the college's current vice-president for alumni development and alumni relations, testified that he has been employed with Swarthmore College since August 1990; has lived in the vice-president's house with his wife and two children since November 1990; and his duties include overseeing fund raising, public relations, and alumni affairs.[1]

He also testified that the house is used for various college functions including providing housing and a meeting place four times a year for members of the college's board of managers, a meeting place for the alumni council three times a year, annual senior class picnics, receptions for special events such as celebrity visits or presidential inaugurations, receptions for various groups around campus, dinners for key leaders of the parents council, and parents council meetings twice a year. He further stated that he hosts members of the board of managers who are involved in fund raising or alumni when they are on campus, and the house is always full during

1. Gotwalls described the house as being built for entertaining with a central foyer, large dining room, very large living room with a porch, pantry, large kitchen with two stoves, family room, study, master bedroom, children's bedroom and playporch, and four guest bedrooms.

commencement. Gotwals estimated that there is at least one activity per month in the house except in the summer when there is not much activity.

Gotwals testified that the activities that take place at the house are essential to Swarthmore College because it is a private institution and approximately one-third of its yearly income comes from private support. His role is to solicit gifts for the college and cultivate people by making them feel welcome; and whether the event involved is a reception, dinner or overnight stay at the vice-president's house, the personal contact achieved is a very important part of building trust with major donors. Swarthmore College also presented to the court a copy of a May 31, 1990 letter the college sent to Gotwals outlining the terms of his employment. The letter indicates that the house will be provided for his use as a condition of employment, that he will not be charged rent and the house will be maintained and all utilities other than telephone service will be paid by the college, and that he must use the house for entertaining in furtherance of his work as vice-president.

The trial court found, in pertinent part, that the actual present use of the vice-president's house "is in conformity with and/or in furtherance of the general purposes of Swarthmore College," tangibly and intangibly renders a real function in the life of the college, and is an integral part of the college necessary to carry on its functions including its educational work. The Court concluded that the vice-president's house is exempt from taxation and reversed the decision of the Board. On appeal to this Court, the District argues that the property is not eligible for tax exemption because it is dominantly used as a residence of one of the college's vice-presidents, is only incidentally used as an entertainment facility, and is not actually and regularly used in the furtherance of the college's purpose.[2]

2. This Court's scope of review in a real estate tax assessment appeal is limited to determining whether the trial court abused its discretion or committed an error of law, and whether the trial court's findings of fact are supported by substantial evidence. *Pennsylvania Easter Seal Soc'y*

Article VIII, Section 2, of the Pennsylvania Constitution provides in pertinent part:

(a) The General Assembly may by law exempt from taxation:

. . . . .

(v) Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution.

Section 204 of The General County Assessment Law provides in part:

(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

. . . . .

(3) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence or charity, including fire and rescue stations, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity. . . .

■ A college or university seeking an exemption bears the burden of bringing itself within the ambit of the exemption, *Presbyterian–University of Pennsylvania Medical Center v. Board of Revision of Taxes,* 24 Pa.Commonwealth Ct. 461, 357 A.2d 696 (1976); the college or university is only required to show that it has a reasonable necessity for the property "embracing the idea of convenience and usefulness for the purposes intended," and is not required to prove that the property is absolutely necessary to its needs. *See Pennsylvania Easter Seal Soc'y Appeal,* 67 Pa.Commonwealth Ct. 94,

Appeal, 67 Pa.Commonwealth Ct. 94, 445 A.2d 1369 (1982). Further, the question of entitlement to a real estate tax exemption is a mixed question of law and fact and the decision of the trial judge is binding on this Court absent an abuse of discretion or lack of supporting evidence in the record. *Lutheran Social Services v. Adams County Board for Assessment & Revision of Taxes,* 26 Pa.Commonwealth Ct. 580, 364 A.2d 982 (1976).

97–8, 445 A.2d 1369, 1371 (1982), citing *Wayne County Board of Assessment v. Federation of Jewish Philanthropies,* 43 Pa.Commonwealth Ct. 508, 514, 403 A.2d 613, 616–17 (1979). In addition, this Court has stated that the sole requirement for tax exemption of a charity's property is that the actual, present use be in conformity with the purposes of the charitable institution. *City of Pittsburgh v. Board of Property Assessment, Appeals and Review of Allegheny,* 50 Pa.Commonwealth Ct. 25, 412 A.2d 661 (1980).

In a case factually similar to the one sub judice, the Pennsylvania Supreme Court upheld a trial court's grant of a real estate tax exemption to the University of Pittsburgh with respect to the residence of its chancellor. *University of Pittsburgh Tax Exemption Case,* 407 Pa. 416, 180 A.2d 760 (1962). The trial court found that the off-campus house was used to receive and entertain student organizations, members of its faculty and administrative staff, alumni, donors to the university, members of its board of trustees, as well as other visitors. The Supreme Court noted that the functions of modern universities must be broad in scope and in that respect stated as follows:

> The head of such an institution, whether he be called president or chancellor, represents to the public eye the 'image' of the institution. Both an educator and administrator of the tremendous 'business' which any university or college now is, he must also be the official representative to host those who, for one reason or the other, find the university or college a place of interest and, if he is to assume the full scope and responsibility of his duties to the university or college, he must be universal in his contacts.

*Id.* at 423, 180 A.2d at 763. The Court stated that the real issue is the use to which the residence of the chancellor is put, and upheld the trial court's conclusion that the university satisfied its burden to prove that most of the events for which the residence was used were directly related to the proper functions of the university and served its aims and objectives.[3]

3. *See also Appeal of Lancaster Theological Seminary,* 207 Pa.Superior Ct. 12, 214 A.2d 285 (1965) (trial court's decision to exempt from real

However, the residence of a president emeritus has failed to qualify for tax exemption when the college has not established that the residence was in fact currently being used for the general purposes of the college, but was provided by the trustees in order to properly afford the retired president an appropriate dwelling commensurate with his past service to the college. *In re Albright College,* 213 Pa.Superior Ct. 478, 249 A.2d 833 (1968). In *Shipley School Appeal,* 26 Pa. D. & C.3d 419 (1981), *aff'd,* 76 Pa.Commonwealth Ct. 635, 464 A.2d 692 (1983), the school failed to meet its burden with respect to school-owned residences where the only school-related activities which took place included occasionally entertaining students and faculty members, faculty meetings one evening per month, and a picnic in the spring. The court determined that this level of activity did not constitute actual and regular activity in furtherance of the school's educational purposes and denied tax exemption.

▋ In the matter sub judice, Gotwals' uncontradicted testimony established that the vice-president's house is actually and regularly used in conformity with furtherance of the educational purposes of Swarthmore College. Moreover, the record establishes that Gotwals is required to live in the house and to use it to encourage a more personal and informal relationship with college representatives and donors, and that most of the events for which the house is used directly relate to the college's functions and serve its aims and objectives. This is not a case, as the District contends, where the school-related activity is infrequent or sporadic as presented in *In re Albright College* and *Shipley School Appeal.* Thus the trial court's findings are based upon substantial evidence in the record and the trial court did not err as a matter of law in concluding that the vice-president's house is tax exempt. Accordingly, the order of the trial court is affirmed.

estate tax property used by the president and professors of a seminary was supported by sufficient evidence where the president and professors testified that the houses are used for entertaining students, alumni and guests; classes, seminars and meetings are conducted in the homes; and they serve as living classrooms for the seminary students).

## *ORDER*

AND NOW, this 7th day of June, 1994, the order of the Court of Common Pleas of Delaware County is affirmed.