Re Appeal of the WINCHESTER GROUP from the Decision of the County of Delaware in Connection with the Premises at 313 East Jefferson Street, Media Borough, Delaware County, Pennsylvania, Relating to 1995 Real Estate Assessment and All Subsequent Assessments During the Pendency of the Appeal.

Folio No. 26–00–00772–00.

The Winchester Group, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1996.
Decided Dec. 26, 1996.

Robert C. Ewing, Media, for appellant.

Thomas L. Kelly, Media, for appellees.

Before McGINLEY and FLAHERTY, JJ., and MIRARCHI, Senior Judge.

FLAHERTY, Judge.

The Media Fire and Hook and Ladder Company No. 1 (fire company), doing business as The Winchester Group (Winchester Group), appeals from the February 1, 1996, order of the Court of Common Pleas of Delaware County (trial court), which affirmed the decision of the Board of Assessment Appeals of the County of Delaware denying the fire company's tax appeal for exemption of a fifteen (15) unit apartment building located at 313 East Jefferson Street, Media, Pennsylvania (subject property).

The parties entered into the following stipulation of facts before the trial court:

1. The appellant is The [sic] Media Fire and Hook and Ladder Company No. 1 doing business as The Winchester Group. "The Winchester Group" is a fictitious name registered by the Media Fire and Hook and Ladder Company No. 1 with the Pennsylvania Corporation Bureau.

2. The Media Fire and Hook and Ladder Company No. 1 is chartered as a Pennsylvania non-profit corporation and operates as a volunteer fire and rescue company serving the Borough of Media and surrounding townships with firefight-ing and ambulance protection. The company is founded, endowed and maintained by public and private charity.

3. The appellees are the Borough of Media, the County of Delaware and the Rose Tree Media School District.

4. On or about September 30, 1994[,] the Media Fire and Hook and Ladder Company No. 1 purchased a certain 15 unit residential apartment building located at 313 East Jefferson Street, Media Borough, Delaware County, Pennsylvania, being folio number 26–00–00772–00, known as The Winchester Apartments. (hereinafter "Winchester Apartments") Title to the apartment building was taken in the name, [sic] "The Winchester Group."

5. The Media Fire and Hook and Ladder Company No. 1 timely filed a Claim for Exemption with the Delaware County Board of Assessment Appeals in connection with the aforementioned property.

6. The Delaware County Board of Assessment Appeals denied the Claim for Exemption filed by the Media Fire and Hook and Ladder Company No. 1.

7. The Media Fire and Hook and Ladder Company No. 1 timely filed the above-captioned Petition for Appeal from the Assessment of the Delaware County Board of Assessment Appeal [sic] in connection [sic] the denial of the Claim for Exemption.

8. The net receipts from the rents and other profits generated by the Winchester Apartments are used solely for the necessary charitable purposes of the Media Fire and Hook and Ladder Company No. 1 in providing emergency fire and rescue services to the community.

9. The Media Fire and Hook and Ladder Company No. 1 presently uses the basement of the Winchester Apartments as storage for certain firefighting and rescue equipment.

10. The Media Fire and Hook and Ladder Company No. 1 does not challenge the assessment of the subject property which is now set at $21,000.00.

11. The subject property continues to be comprised of fifteen (15) residential apartment units and is not available for use by the public generally [sic].

12. The Media Fire and Hook and Ladder Company No. 1 obtains its net revenues from the subject property based upon lease rentals with tenants who occupy the fifteen (15) residential apartment units within the subject property.

13. The receipt by the Media Fire and Hook and Ladder Company No. 1 of the net revenues from the lease agreements between the Appellant and tenants who rent apartment units in the subject property is a result of Appellant's ownership of the property as a business enterprise.

14. The parties will reserve until the time of trial certain testimony concerning disputed facts regarding the use of apartment units by members of the Media Fire and Hook and Ladder Company No. 1 at a discounted rent.

(R.R. at 43–45.) At trial, members of the fire company testified that the fire company is concerned about its funding. Additionally, most new members of the fire company are young and living with their parents at the time they join the fire company. When these individuals eventually move out of their parents' homes, they move out of the Borough of Media to seek affordable housing. These relocations cause a lag in response time for emergency fire and rescue operations.

In attempting to rectify both of these problems, the fire company purchased the subject property as an investment to enable the fire company to achieve some financial stability, as well as to induce individuals to remain in the fire company by offering apartment units at a reduced rental rate. Testimony at the time of trial also revealed that the subject property is located within one mile of the fire and rescue station, that two of the fifteen units were now rented by members of the fire company and that the fire company was using part of the basement in the apartment building to store some firefighting and rescue equipment. The subject property, however, was not being used for any other fire or rescue purpose. On February 1, 1996, the trial court entered an order denying the fire company's appeal. This appeal followed.

■ On appeal the fire company alleges that the trial court erred in denying the tax exemption appeal of the fire company for real estate it owns and which it alleges (a) is necessary for its occupancy and enjoyment as a fire company and (b) it uses for activities that contribute to its support.[1]

■ The question of entitlement to tax exemption is a mixed one of law and fact and, absent any abuse of discretion or lack of supporting evidence, the decision of the trial court is binding on appeal. *Trustees of University of Pennsylvania v. Board of Revision of Taxes of City of Philadelphia,* 168 Pa. Cmwlth. 49, 649 A.2d 154 (1994). Article 8, § 2(a)(v) of the Pennsylvania Constitution states that:

(a) The General Assembly may by law exempt from taxation:

. . . .

(v) Institutions of purely public charity, but in the case of real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution.

■ The party appealing entitlement to a tax exemption bears the burden of proving that it comes within the statutory and constitutional exemption being applied. *Wayne County Board of Assessment v. Federation of Jewish Philanthropies,* 43 Pa.Cmwlth. 508, 403 A.2d 613 (1979). Statutory provisions exempting property from taxation must be strictly construed. *Trustees of University of Pennsylvania.* Indeed, when considering whether a taxpayer is entitled to a tax exemption, this court has strictly interpreted statutory requirements against the taxpayer. *Easter Seal Society.* This court must be mindful that a city and its taxpayers have an interest in safeguarding the city's tax base. *Presbyterian–University of Pennsylvania*

---

1. This court's standard of review in a tax assessment appeal is limited to determining whether the trial court committed an error of law, abused its discretion or whether the necessary findings of fact were supported by substantial evidence. *Appeal of Pennsylvania Easter Seal Society from Real Estate Taxation Assessment,* 67 Pa.Cmwlth. 94, 445 A.2d 1369 (1982).

*Medical Center v. Board of Revision of Taxes*, 24 Pa.Cmwlth. 461, 357 A.2d 696 (1976).

■ The fire company attempts to obtain tax exemption for the subject property under The General County Assessment Law (Law), Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§ 5020–1—5020–602. For a claim of exemption, Section 204(a)(13) states:

> (a) the following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:
>
> . . . .
>
> (13) All fire and rescue stations which are founded, endowed and maintained by public charity, together with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, and social halls and grounds owned and occupied by fire and rescue stations, used on a regular basis for activities which contribute to the support of fire and rescue stations: Provided, That the net receipts from such activities are used solely for the charitable purposes of the fire and rescue stations.

72 P.S. § 5020–204(a)(13). Moreover, Section 204(b) of the Law states that:

> Except as otherwise provided in clauses (11) and (13) of this section, all property real or personal, other than that which is actually and regularly used and occupied for the purposes specified in this section, and all such property from which any income or revenue is derived … shall be subject to taxation. . . .

72 P.S. § 5020–204(b). Therefore, to establish entitlement to a tax exemption on the subject property, the fire company must prove that the subject property is necessary for occupancy and enjoyment as a fire and rescue station, and that the subject property is actually and regularly used and occupied for the purposes specified in the Law.

■ The right to a tax exemption must be clearly established. *Commonwealth v. 2101 Cooperative, Inc.*, 408 Pa. 24, 183 A.2d 325 (1962). Moreover, property may only be declared exempt from taxation if the title thereto is held by a tax exempt body and the property is employed in a use for which the exemption may legally be granted. *Appeal of H.K. Porter, Co.*, 421 Pa. 438, 219 A.2d 653 (1966). There exists no evidence of record that the Winchester Group, the title holder of the subject property, is a tax-exempt body. This, in itself, results in a denial of the fire company's request for tax exempt status on this particular piece of property. However, even if we determine that the Winchester Group is the same tax-exempt body as the fire company, the fire company still does not prevail.

■ The fire company avers that the General Assembly has determined that income producing property owned by a fire company which contributes to its support is a "use" which exempts the property from taxation. The fire company supports this averment by stating that "Pennsylvania's fire companies have a long tradition of fund raising," that "[f]ire companies by tradition must raise funds from various means through the use of their real estate not directly related to firefighting" and that "[i]t is part of the mission and function of Pennsylvania's fire companies to raise the funds necessary to protect the lives of our citizens." (Brief of the fire company at 12.) The fire company would now have this court believe that because the subject property generates income, i.e. rent, this is a method of fund raising, thus a "use," and therefore the property should be tax exempt. (Brief of the fire company at 15.) The fire company also avers that the subject property is "annexed" and is used on a regular basis for activities which contribute to the support of the fire station. (Brief of the fire company at 14.)

The trial court relied on the case *Appeal of Municipal Authority of the Borough of West View*, 381 Pa. 416, 113 A.2d 307 (1955), for the proposition that it is the use of the property and not the use of the proceeds from the property which determines whether a tax exemption may be granted. The fire company argues that this case is not on point as the statute contemplates a tax exemption based upon income derived from the use of a property. However, *West View* also held that it was the "present and not an indefinite, prospective use [of the property] which controls." *Id.* at 422, 113 A.2d at 310. Addi-

tionally, in *Board of Revision of Taxes of Philadelphia v. United Fund,* 11 Pa.Cmwlth. 201, 314 A.2d 530, 533 (1973), this court held that "the prime consideration is the use of the property rather than any characterization of the owner or lessee or the use of the proceeds from the property which determines whether or not tax exemption may be granted."

The fire company cites to three cases for the proposition that properties used to house employees are granted tax exempt status: *Appeal of Shadyside Hospital,* 207 Pa. Superior Ct. 261, 218 A.2d 355 (1966); *Presbyterian–University;* and *Appeal of Parmentier,* 139 Pa. Superior Ct. 27, 11 A.2d 690 (1940).[2] These cases are distinguishable, however, at the inception. In these cases, *all* of the housing sought to be excluded from taxes was occupied *solely* by employees/members of the charitable organizations. Additionally, the individuals in these cases maintained full-time employment with the charitable institution. In return, they received a salary or were provided with room and board from the institution. The courts held that the subject properties were reasonably necessary for the occupancy and operation of the charitable institutions. Here, the work performed by the firemen is on a part-time, voluntary basis. Although honorable and commendable, the work is not a full-time dedication to the fire company.

In *Shadyside Hospital,* the court held that "[t]he fact that some income is derived from the use of the property is not determinative of the issue, so long as there is no intent to profit and no actual profit is made." *Id.,* 207 Pa. Superior Ct. at 263, 218 A.2d at 356. In the instant case, however, the fire company's counsel agreed at the inception of the trial court argument "that the fire company does rent this building out for a profit. There is a profit motive involved. And if it wasn't a fire

company, I would agree with the taxing authorities, that this would be a taxable property." (R.R. at 4.) The fire company also states, however, that in addition to renting rooms for profit it offers discounts to fire company members and uses a portion of the basement to store certain pieces of fire equipment. (R.R. at 14, 21.)[3]

"There is a limit to the amount of land that may be said to be adapted to the accomplishment of the purposes of the charity and be exempt from taxation, and in such cases a pure question of fact may arise which must be determined by the fact-finding body...." *Shadyside Hospital,* 207 Pa. Superior Ct. at 264, 218 A.2d at 357. "The courts will not, however, give unlimited deference to the charitable body's characterization." *Presbyterian–University,* 24 Pa. Cmwlth. at 465, 357 A.2d at 698. Although the right to determine what is a reasonable necessity for the occupancy and enjoyment of a charity is primarily for the charity's governing body, "ultimately the courts may reject the determination of 'reasonable necessity' made by the governing body of the charity where the limit of its discretion has been clearly exceeded...." *Shadyside Hospital,* 207 Pa. Superior Ct. at 264, 218 A.2d at 357. In proving that the property is necessary to the use of the charity, the charity doesn't have to prove absolute necessity. "[T]he institution must show a 'reasonable necessity' embracing the idea of convenience and usefulness for the purposes intended." *Wayne County* at 616–617. The subject property cannot be said to be of reasonable necessity for the fire company. The use of the subject property does not constitute a fire and rescue station, nor does it constitute occupancy and enjoyment of the subject property as contemplated by the Law. As such, the fire company fails to fall within the statutory tax exemption.

---

**2.** Section 204(a)(3) of the Law includes "fire and rescue stations" and is the exemption section discussed, and applied, in the three cases cited by the fire company.

**3.** It is uncertain from the record exactly what, or how much, space or fire equipment is stored in the basement of the subject property, or how much space is reserved for tenants.

After oral argument, the fire company petitioned this court for leave to file a supplemental brief to address the issue of possible apportionment of the subject property for tax exempt status. The County of Delaware, the Rose Tree Media School District and the Borough of Media, collectively Appellees, petitioned this court to enlarge the record. On October 24, 1996, both petitions were denied by this court *per curiam.*

Therefore, we hold that the trial court's decision is binding on appeal as there is neither evidence of an abuse of discretion nor a lack of supporting evidence.

Accordingly, the trial court's decision is affirmed.

*ORDER*

NOW, December 26, 1996, the February 1, 1996, order of the Court of Common Pleas of Delaware County, No. 94–14321, is affirmed.