IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kimberton Fire Company, | : | |
| Appellant | : | |
| | : | |
| v. | : | Nos. 166 C.D. 2016 and 167 C.D. 2016 |
| | : | ARGUED:  October 18, 2016 |
| Chester County Board of | : | |
| Assessment Appeals and | : | |
| Phoenixville Area School | : | |
| District | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                          FILED:  November 23, 2016


        Kimberton Fire Company (KFC) appeals from the January 7, 2016 order of the Court of Common Pleas of Chester County (trial court), which denied KFC's appeal and determined that KFC's property at issue was not exempt from the payment of real estate taxes.  We affirm.


        KFC is a voluntary fire company that began operations in 1929.  KFC is a non-profit corporation with its principal office at 61 Firehouse Lane, Kimberton (principal office property).  The principal office property is owned by KFC, is improved with a fire house, is exempt from real estate taxes, and is at Chester County Tax Parcel No. 26-02-0225-E.  KFC has been granted sales and

use tax-exempt status as a charitable organization by the Commonwealth. KFC has also been granted tax-exempt status by the Internal Revenue Service (IRS) under section 501(a) of the Internal Revenue Code (IRC) as an organization described in section 501(c)(3) of the IRC. 26 U.S.C. §§ 501(a) and 501(c)(3).

At issue here are properties at Chester County Tax Parcel Nos. 26-2-230 and 26-2-229, with corresponding addresses of 2284 and 2280 Kimberton Road (Property). The Property is owned by KFC, is adjacent to the principal office property, is located in East Pikeland Township, is in the Phoenixville Area School District, and is not used by KFC. The Property is used as a day care center titled ABC-123 Early Learning Center (Day Care) and has one building on each parcel. The Day Care is operated by ABC-123, Inc. (ABC), a non-profit corporation that has been granted sales and use tax-exempt status as a charitable organization by the Commonwealth, and tax-exempt status by the IRS under section 501(a) of the IRC as an organization described in section 501(c)(3) of the IRC.

ABC is a wholly-owned subsidiary of KFC. ABC operates the Day Care, which is open to the general public. All customers pay the same rate, including children of KFC and ABC employees and volunteers. However, no children of employees or volunteers currently attend the Day Care. Further, all Day Care workers are employed by ABC; none are employed by KFC. The Day Care is operated and managed by ABC, and KFC is operated and managed separately.

ABC contributes all of its net proceeds from the Day Care's operations to KFC. ABC contributed the following net proceeds to KFC: 2011-$58,806; 2012- $68,400; and 2013- $61,000. ABC does not pay rent for the

2

use/occupancy of the Property. KFC does not subsidize the costs or expenses of ABC beyond the free-rent provision. ABC's primary source of income is the fees charged for the day care services. ABC also derives income from hosting special events and summer camps. No child attending the Day Care receives subsidized care or reduced rates based on family income. The sole use of the Property is as a day care center.

Section 2 of ABC's by-laws provides as follows:

> The Board of Directors shall consist of five Directors. At all times, the majority of the Directors shall be elected officers of the Kimberton Fire Company. These shall be the Vice President, Treasurer, and one Trustee of the Fire Company, the Trustee to be selected by the President of the Kimberton Fire Company with the concurrence of its Board of Directors. The Directors specified in this subsection so chosen shall be referred to hereafter as "KFC Officer Directors." The KFC Officer Directors shall appoint the non-Fire Company Directors.

On July 17, 2013, KFC filed with the Chester County Board of Assessment Appeals (Board) applications for tax exemption for the Property. The Board held a hearing on October 30, 2013. On November 11, 2013, the Board denied KFC's applications for tax exemption.

On December 1, 2013, KFC appealed to the trial court. The parties filed a stipulation of facts on January 29, 2015. The trial court held a hearing on November 16, 2015. On January 7, 2016, the trial court affirmed the Board's decision, finding that KFC is not exempt because it does not occupy the Property

3

for which the exemption is sought.  KFC appealed to this court on February 2, 2016.[1]

KFC contends that the trial court erred in determining that because KFC's property was not "owner occupied," but occupied by KFC's wholly-owned subsidiary, it was not exempt from real estate taxes.[2]

Article 8, Section 2(a)(iii) and (v) of the Pennsylvania Constitution provides that:

> (a) The General Assembly may by law exempt from taxation:
>
> * * *
>
> (iii) That portion of public property which is actually and regularly used for public purposes;
>
> * * *
>
> (v) Institutions of purely public charity, but in case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution.

---

[1] We note that the matter was originally brought to this court as two separate appeals, one for each property at issue.  Thus, it was assigned two separate docket numbers, 166 C.D. 2016 and 167 C.D. 2016.  By a March 31, 2016 order of this court, the appeals were consolidated because the facts and issues are identical.

[2] Our review is limited to whether the trial court abused its discretion or committed an error of law or whether its factual findings are supported by substantial evidence.  *ARC Human Services, Inc. v. Clearfield County Assessment Office and Tax Bureau*, 120 A.3d 465, 467 n.3 (Pa. Cmwlth. 2015).

Initially, KFC contends that the Property is exempt from taxation pursuant to section 8812(a)(11) of the Consolidated County Assessment Law (Law), 53 Pa. C.S. §8812(a)(11), which exempts from taxation:

> (11) All real property owned by one or more institutions of purely public charity, used and occupied partly by the owner or owners and partly by other institutions of purely public charity and necessary for the occupancy and use of the institutions so using it.

KFC asserts that the Property is occupied by ABC, its wholly-owned subsidiary, and its income is used to support the fire station. KFC created ABC to operate the Day Care and all net revenue from the Day Care is paid to KFC.

Section 8812(a)(11) of the Law provides for exemption only if the land is "used and occupied *partly* by the owner or owners and *partly* by other institutions of purely public charity . . . ." (emphasis added.) It does not provide for the exemption when the property is solely used by the institution of purely public charity but not used by the owner at all. Moreover, pursuant to section 8812(b) of the Law, all property not regularly used and occupied from which income or revenue is derived shall be subject to taxation.[3]

---

[3] Section 8812(b) of the Law provides exceptions as follows:

> (1) Except as otherwise provided in subsection (a)(13) and (15), all property, real or personal, other than that which is actually and regularly used and occupied for the purposes specified in this section, and all property from which any income or revenue is derived, other than from recipients of the bounty of the institution or charity, shall be subject to taxation, except where exempted by law for State purposes.

**(Footnote continued on next page…)**

5

Here, KFC stipulated to the fact that it does not use the Property. However, KFC argues that ABC is its wholly-owned subsidiary, and, as such, KFC occupies the Property through ABC. A subsidiary is a separate, distinct legal entity for regulatory, liability, and tax purposes. *See Commonwealth v. Gulf Oil Corporation*, 60 A.2d 46, 48-49 (Pa. 1948); *Callery's Appeal*, 116 A. 222, 224 (Pa. 1922). Just because ABC is the wholly-owned subsidiary of KFC, it does not follow that KFC uses the property. *Appeal of Northwestern Corporation*, 665 A.2d 856 (Pa. Cmwlth. 1995) (stating that when a subsidiary corporation does not own the property and a parent corporation does not occupy or use a property, the subsidiary corporation cannot qualify the parent corporation for property tax exemption). KFC is a separate company and, thus, KFC's argument fails.[4] Accordingly, KFC is not exempt from taxation under section 8812(a)(11) of the Law because KFC does not use or occupy the Property.

Next, KFC contends that the Property is exempt from taxation pursuant to section 8812(a)(15) of the Law, 53 Pa. C.S. §8812(a)(15), which exempts from taxation:

---

**(continued…)**

> (2) Except as otherwise provided in subsection (a)(12), all property, real and personal, actually and regularly used and occupied for the purposes specified in this section shall be subject to taxation unless the person or persons, associations or corporation so using and occupying the property shall be seized of the legal or equitable title in the realty and possessor of the personal property absolutely.

[4] We note that to allow a wholly-owned subsidiary of a charity to be exempt could provide an unfair tax advantage and possibly lead to unfair competition. *See* section 8 of the Institutions of Purely Public Charity Act, Act of November 26, 1997, P.L. 508, *as amended*, 10 P.S. §378, which provides that "institutions of purely public charity shall not use their tax-exempt status to compete unfairly with small business."

(15) Notwithstanding the provision of subsection (b) or any other provision of this chapter to the contrary, all fire and rescue stations which are founded, endowed and maintained by public or private charity, together with the grounds annexed and necessary for the occupancy and use of the fire and rescue stations, and social halls and grounds owned and occupied by fire and rescue stations and used on a regular basis for activities which contribute to the support of fire and rescue stations, as long as the net receipts from the activities are used solely for the charitable purposes of the fire and rescue stations.

KFC argues that the Property is owned by KFC and used on a regular basis for activities that contribute to the support of KFC. ABC provides all net revenue to KFC for support of its fire-fighting and rescue operation. Thus the Property is used on a regular basis for activities that support the charitable purposes of KFC. Further, the fundraising activities of ABC are necessary for KFC's occupancy and use of the fire station.

KFC also argues that there is no requirement in section 8812(a)(15) of the Law that the Property be occupied by KFC. However, if occupancy is required, then KFC occupies the Property through its wholly-owned subsidiary, ABC. KFC asserts that it maintains total control over ABC. It controls ABC's board and, thereby, its daily operations. Further, KFC asserts that section 5(g) of the Institutions of Purely Public Charity Act, 10 P.S. § 375(g), provides that a non-profit parent corporation and its non-profit subsidiary corporations may elect to be

7

considered a single institution for purposes of meeting the criteria to be considered an institution of purely public charity.[5]

Section 8812(a)(15) of the Law provides for the exemption of: (1) "all fire and rescue stations which are founded, endowed and maintained by public or private charity, together with the grounds annexed and necessary for the occupancy and use of the fire and rescue stations, and [(2)] social halls and grounds owned and occupied by fire and rescue stations and used on a regular basis for activities which contribute to the support of fire and rescue stations, as long as the net receipts from the activities are used solely for the charitable purposes of the fire and rescue stations."

Thus, the fire station is exempt along with the grounds annexed to the fire station that are necessary for the occupancy and use of the fire station; and social halls and grounds owned and occupied by the fire station are exempt if they are used on a regular basis for activities which contribute to the support of the fire station by submitting all the net receipts from those activities to the fire station.

The principal office property is the realty where the fire station is located and is thus tax exempt. The Property at issue here is adjacent to the principal office property and does not have a fire station on it, nor is it necessary for the occupancy or use of the fire station. The Property also is not occupied by the fire station, even though it is used on a regular basis for activities that

_____

[5] It is not argued that ABC is not an institution of purely public charity. However, it does not follow that ABC and KFC may elect to be considered a single institution for purposes of determining occupancy and use of a property under the Law.

8

contribute to the support of the fire station and all of ABC's net receipts are given to the fire station. Mere use by a subsidiary and contributions therefrom do not qualify a property as tax exempt under section 8812(a)(15) of the Law, 53 Pa. C.S. § 8812(a)(15). The property must be annexed, necessary for the use of the fire station, and necessary for the occupancy of the fire station. The last two conditions were not met. Thus, KFC is not exempt from taxation under section 8812(a)(15) of the Law.

KFC owns the Property; however, it does not occupy or use the Property. Further, ABC, a wholly-owned subsidiary of KFC, is a separate and distinct entity from KFC and, therefore, KFC cannot be presumed to occupy the Property through ABC's use. The trial court did not err in determining that KFC is not exempt from paying real estate taxes on the Property because it does not occupy or use the Property.[6]

Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

Judge McCullough concurs in the result only.

---

[6] *See Veterans of Foreign Wars Post 1989 v. Indiana County Board of Assessment Appeals,* 954 A.2d 100 (Pa. Cmwlth. 2008) (stating that a property lessee's generation of income for a charity is not sufficient for a tax exemption on that property); *Appeal of the Winchester Group*, 687 A.2d 52 (Pa. Cmwlth. 1996) (stating that the property improved with an apartment building owned but not used or occupied by the fire station is not exempt from real estate taxation); *Appeal of Northwestern Corporation*, 665 A.2d 856 (Pa. Cmwlth. 1995) (stating that when a subsidiary corporation does not own the property and a parent corporation does not occupy or use a property, the subsidiary corporation cannot qualify the parent corporation for property tax exemption).

9

N THE COMMONWEALTH COURT OF PENNSYLVANIA

Kimberton Fire Company,      :
                   Appellant      :
                              :
          v.                :  Nos. 166 C.D. 2016 and 167 C.D. 2016
                              :
Chester County Board of      :
Assessment Appeals and       :
Phoenixville Area School      :
District                     :

## O R D E R

AND NOW, this 23rd day of November, 2016, we hereby affirm the order of the Court of Common Pleas of Chester County in the above-captioned matter.

 

_____
JULIA K. HEARTHWAY, Judge